THE CITY OF KANSAS v. JOHNSON, *Appellant.*

1. Justice's Courts: STATEMENT. In an action before a justice of the peace the statement is sufficient if it advises the defendant of the nature of the demand against him.

2. Merchant's tax under Kansas City Charter. Under the charter of Kansas City a merchant's liability for the payment of taxes on his goods and wares for a given year, does not depend upon the fact of his being a merchant during the fiscal year beginning on the third Monday of April of that year, but is made to depend upon the fact whether on the 1st day of January of that year, and at any time within three months before such 1st day of January he had on hand as a merchant in said city goods, wares and merchandise.

3. ———: NOT A TAX FOR PRIVILEGE. The tax imposed upon a merchant by the charter of Kansas City is not for exercising the privilege of selling goods, but is a tax imposed upon his goods and wares as a merchant, or in other words, a personal tax on the goods of a merchant as distinguished from the personal tax of others.

4. **Pleading Matter of Law.** A pleading is not defective for not alleging a matter of law. An averment that a tax was "duly levied" is equivalent to pleading the substance of the ordinance under which it was levied, and is sufficient to authorize the reception of the ordinance in evidence.

5. **Constitutional Law:** TAXING POWER. Section 3 of article 10 of the constitution, which declares that all taxes shall be levied by general laws was intended to restrict the power of the legislature in passing laws for the levy of taxes to the passage of general laws as distinguished from local and special laws, and it did not repeal charter provisions authorizing the levy of taxes.

6. **Attorney's Fee.** An attorney's fee of ten per cent is expressly authorized under the charter of Kansas City in suits for the collection of taxes.

7. **Judgment for more than Demanded.** The amount of tax due at the time of beginning suit being stated, the law fixes the interest and costs to be added when judgment is rendered. Hence, it is no objection to a judgment for taxes that it is for a greater amount than is sued for, the amount being in such case a matter of law and not of fact.

8. **Payment of other Tax no Defense.** Payment of taxes on a different stock of goods as a merchant during a given fiscal year, is do defense to an action for the tax of a merchant legally imposed upon a stock of wares and merchandise which he had been engaged in selling as a merchant on the 1st day of January of that year, and for three months preceding that day.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*J. B. F. Cates* and *Milton Campbell* for appellant.

*R. H. Field* and *D. S. Twitchell* for respondent.

NORTON, J.—This suit was instituted before a justice of the peace upon the following statement, viz: "Plaintiff

states that on the first day of January, 1878, and for more than three months prior thereto, the defendant, Jervis Johnson, was carrying on business as a merchant in the City of Kansas; that the said city, by its mayor and common council, duly assessed and levied on the wares and merchandise of said defendant:

A Merchant's License Tax, for the year 1878, of.....$234 00
Interest and penalty on said tax........ .................. 18 72
Attorney's fee for Counselor............................. 25 27

Total...............................................$277 99
Which said tax, interest, penalty and costs have not been paid, and for which plaintiff asks judgment.

S. P. TWISS, City Counselor,
Plaintiff's Attorney."

On the trial before the justice plaintiff obtained judgment, from which defendant appealed to the special law and equity court, where plaintiff again obtained judgment, from which defendant has appealed to this court. The following proceedings were had at the trial, to-wit:

Plaintiff offered to read in evidence from the personal tax-book of 1878, of Kansas City, as follows:
Name, Jervis Johnson.
Location, 543 Main Street.
Business, Queensware Dealer.
Cash value of goods as returned by assessor............$9,000
General tax per centum...............................$ 90
Per cent for payment of Bonds and Coupons..... 144

Total...........................................$234

Defendant objected to the admission of this evidence on the ground that no cause of action is stated against defendant, it not appearing (a) that plaintiff has capacity to sue; (b) nor that defendant was a merchant in the fiscal year 1878; (c) nor that any right to levy a gross tax of $234 existed; (d) nor that a levy of interest, penalty or at-

torney's fees on license tax was legal; (e) nor that an ordinance levying such tax was pleaded, nor that a suit for a license tax is given. (2) And that said evidence is irrelevant. The court overruled these objections, and admitted said evidence, to which defendant excepted.

Plaintiff then offered in evidence an ordinance of the City of Kansas, approved April 16th, 1878, entitled, "An ordinance to levy taxes for the fiscal year, beginning on the 15th day of April, 1878." Said ordinance levies 10 mills on the dollar as a general tax; $13\frac{1}{2}$ mills on the dollar for payment of bonds, etc., and $2\frac{1}{2}$ mills on the dollar for a sinking fund; and levies said taxes amounting to 26 mills, " on the merchants named in the list made and returned by the city assessor for the fiscal year beginning on the third Monday of April, 1878." And said ordinance closes as follows: . "License taxes shall be collected in the same manner and at the same time as taxes on the other personal property; and all laws and ordinances governing as to collection of taxes on personal property generally shall apply to the collection of taxes on merchants."

Defendant objected to the admission of this ordinance in evidence : (1) Because it was not pleaded. (2) Because the last sentence is not included in the title. (3) Because the law does not permit such mode of collection. (4) Because said last sentence is uncertain, impossible and beyond the power of the council. The court overruled these objections and admitted said ordinance in evidence, and defendant excepted. Plaintiff offered no further evidence, but rested.

Defendant put in evidence : (1) His tax receipt and license as a merchant from plaintiff for the fiscal year 1877, ending April 15th, 1878. (2) His tax receipt and license as a merchant delivered him by plaintiff for the fiscal year 1878, ending April, 1879. (3) It was admitted on the trial by both parties: (a) That defendant was a merchant and owned the wares and merchandise covered by the first of said licenses during 1877, and up to March 1st, 1878, at

which date he sold them to a party who forthwith took them from this State; that defendant did not own said goods during the year 1878 after the 1st of March, 1878. (b) That the second of the above licenses and tax receipts covered a new and different stock of goods, procured by defendant during the fiscal year 1878. (c) That the license tax here sued for was levied under the charter of Kansas City, approved March, 1875, and that said city never organized under the general laws relating to cities, approved April 21st, 1877. (4) The revised ordinance of the City of Kansas, approved October 14th, 1861, defining a merchant, prescribing a punishment for dealing as a merchant without a license, requiring a bond to pay " all taxes due on his license," and that the city attorney shall collect the licenses unpaid by any process known to the law. This was all the evidence.

We are of opinion that the trial court did not err in overruling defendant's objection to the introduction in evidence either of the personal tax-book, or the ordinance entitled "An ordinance to levy taxes for the fiscal year beginning on the 15th day of April, 1878." It will be observed that this suit was commenced before a justice of the peace, and in such cases the statement filed is sufficient if it advises the defendant of the nature of the demand against him. It is manifest from the statement, that plaintiff's demand against defendant is for unpaid taxes duly assessed, as alleged, on the wares and merchandise of said defendant, as a merchant.

*1. JUSTICES' COURTS: statements.*

We do not think it was necessary to aver in the statement that defendant was a merchant during the fiscal year of 1878. This, we think, is manifest from sections 5, 8 and 9, pages 219, 220, Acts 1875. Section 5 provides that every person owning or holding property subject to taxation for municipal purposes on the 1st day of January of any calendar year after 1875, including all property purchased on that day, shall be liable for taxes thereon for the fiscal year beginning on the third

*2. MERCHANT'S TAX UNDER KANSAS CITY CHARTER.*

Monday of April next thereafter. Section 8 provides that the assessor shall, at least ten days before the 1st day of January in each year, give public notice   *   *   that all merchants doing business in the city, are required (on or before the 15th day of February next) to furnish to him at his office, a true statement, verified by the oath or affidavit of such merchant or his agent, of the highest amount in value of all goods, wares and merchandise owned or kept on hand for sale by such merchant at any time within three months before such 1st day of January. Section 9 makes it the duty of the assessor between the 1st day of January and the 15th day of March of each year to return to the council a full and complete assessment of all property   *   *   and a list of all merchants doing business in said city, with the cash value of the highest amount of goods, wares and merchandise owned or kept on hand by each, for sale, at any time within three months before the 1st day of January of each year. It will be perceived that under the above charter provisions defendant's liability for the payment of taxes on his goods and wares, was not dependent upon the fact of his being a merchant during the fiscal year of 1878 beginning on the third Monday of April, 1878, but is made to depend upon the fact whether on the 1st day of January, 1878, and at any time within three months before such 1st day of January, 1878, he had on hand as a merchant goods, wares and merchandise.

We do not regard this as a suit to recover a tax imposed upon the defendant for exercising the privilege of selling goods, wares and merchandise as a merchant, but to recover a tax imposed upon his goods and wares as a merchant, or in other words, to recover a personal tax on the goods of a merchant as distinguished from the personal tax of others. So regarding it, the statement in question meets the requirements of section 76, page 241, Acts of 1875, which provides that in suits for the collection of taxes on personal property, it shall be sufficient to state the amount of tax, interest and costs and penalty

3. ——: not a tax for privilege.

claimed, the year or years for which it was levied, the owner of the personal property, and that the tax has not been paid.

Neither is the statement deficient in not alleging that the mayor and council had a right to levy the tax. Whether

4. PLEADING MATTER OF LAW.

they had the right was a matter of law and not of fact, and hence it was unnecessary to allege the existence of the right. That the right existed is abundantly shown by sections 31, 1 and 3, Laws of 1875, pages 217, 218, 219. The averment contained in the statement that the tax was duly levied, in effect pleaded the substance of the ordinance, and that is sufficient to authorize its reception in evidence.

It is also insisted that the power conferred by the charter on the City of Kansas, through its officers, to levy taxes,

5. CONSTITUTIONAL LAW; taxing power.

was abrogated by section 3, article 10 of the constitution, which declares that all taxes shall be levied by general law. This section was intended to restrict the power of the legislature in passing laws for the levy of taxes to the passage of general laws as distinguished from local and special laws, and it does not repeal by implication charter provisions authorizing the levy of taxes. This construction of the above section is, by analogy, sustained by the following decisions: *State ex rel. v. Macon Co. Ct.*, 41 Mo. 453; *Pacific R. R. Co. v. Cass Co.*, 53 Mo. 17; *State ex rel. v. McDonald*, 38 Mo. 529; *State ex rel. v. Shepherd*, 74 Mo. 310.

It is also objected that the allowance of an attorney's fee is unauthorized. By reference to sections 40 and 83 of

6. ATTORNEY'S FEE.

article 6 of plaintiff's charter, Laws of 1875, it will be seen that an attorney's fee of ten per cent is expressly authorized in suits for the collection of taxes.

We fail to perceive any force in the objection made, that the judgment is for a greater amount than is sued for.

7. JUDGMENT FOR MORE THAN DEMANDED.

The amount of the tax due at the time of the institution of the suit being stated, the law fixes the penalty to be added by way of interest and

costs when judgment is rendered. The class of cases to which we have been cited by defendant's counsel were suits for the recovery of damages where the amount of damages was ascertained as a matter of fact and not by law.

The fact that defendant carried on business as a merchant during the fiscal year of 1878 and paid taxes on a different stock of goods cannot avail him as a defense, for the reason that his liability to pay the tax sued for, became fixed from the fact that such tax was legally imposed upon a stock of wares and merchandise which he had been engaged in selling as a merchant on ·the 1st day of January, 1878, and for three months preceding that day.

8. PAYMENT OF OTHER TAXES NO DEFENSE

It is unnecessary to review the instructions given and refused by the trial court, inasmuch as the one given on the part of the plaintiff conformed to the views herein expressed, and those asked for by the defendant and refused were antagonistic to them. The judgment is, therefore, affirmed. All concur.