## ST. LOUIS & S. F. R. CO. v. LINDSEY,
### County Treasurer, et al.

No. 2750.     Opinion Filed October 14, 1913.

(135 Pac. 1053.)

1. **PLEADING—Admissions—Necessity of Proof.** Plaintiff denied the validity of a tax levy made by the board of county commissioners for a sinking fund for the bonded indebtedness of a school district on the ground that the order for the levy was not spread upon the records of the commissioners' proceedings, but admitted that such order had been made and that pursuant thereto the county clerk had extended the levy upon the tax rolls. **Held,** that plaintiff's admission obviated the necessity of further proof that the levy had been ordered.

2. **SCHOOLS AND SCHOOL DISTRICTS—Levy for Sinking Funds—Validity of Statute.** Sections 8056 and 8070 of Comp. Laws 1909, (Rev. Laws 1910, secs. 7785 and 7841), which authorize the board of county commissioners to make certain tax levies for sinking funds for school districts in cases where a bonded indebtedness has been voted by such district but where the district has neglected to vote a levy for such sinking fund, are not repugnant to sections 9, 26, and 28 of article 10 of the Constitution, which confer exclusive power of incurring a bonded indebtedness or increasing a school tax on the district itself, and provide that where such indebtedness is incurred the district shall vote a tax levy sufficient for a sinking fund for same, but said sections of the statutes are construed to be an aid to the provisions of the Constitution in cases where an indebtedness has been legally incurred by a district and where such district has neglected to vote a levy for a sinking fund for same.

(Syllabus by Harrison, C.)

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Action by the St. Louis & San Francisco Railroad Company against J. C. Lindsey, as County Treasurer, and another to enjoin the collection of certain school district taxes. From an order denying the injunction, plaintiff brings error. Affirmed.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*E. W. Fagan* and *Ira M. Roberts,* for defendants in error.

St. Louis & S. F. R. Co. v. Lindsey.

Opinion by HARRISON, C. This action was begun in April, 1910, by plaintiff in error, St. Louis & San Francisco Railroad Company, against the treasurer and sheriff of Murray county to enjoin the collection of taxes aggregating $518.26 levied against plaintiff for the benefit of school district No. 3 in said county. Of the $518.26 there is only $346.90 sought to be enjoined; the balance having been paid or dropped out of the controversy. This $346.90 is the amount of a two-mill levy made by the board of county commissioners of said county as a sinking fund with which to meet the bonded indebtedness of said district. The cause comes here upon an agreed statement of facts which in substance is as follows:

"The third item is for the sum of $346.90, being the product of a levy of two mills for the benefit of school district No. 3, in said county, which plaintiff claims is illegal and void as a levy, for the reason that the certificate of the district clerk filed with the county clerk of said county called for a levy of ten mills for said school district, whereas the county clerk, without authority of law, wrongfully extended on the tax roll a levy of twelve mills for the benefit of said school district, which levy to the extent of two mills thereof was wholly illegal and has never been assessed by the school district or any officer thereof authorized by law.

"It is hereby agreed between H. W. Broadbent, attorney for plaintiff, and Corry and Clough, attorneys for defendant, that the following certificate is of record in the office of the county clerk of Murray county:

## " 'CERTIFICATE OF LEVY OF SCHOOL TAX.

" 'To the Clerk of Murray County, Oklahoma: I hereby certify that at a meeting of the voters of school district Number ———, range Number ———, county of Murray, duly held on the 1st day of June, 1909, it was voted that the sum of ten mills be levied on the taxable property in said school district for the following purposes, to wit:  ———

| | |
|---|---|
| General fund | Eight mills |
| For building fund | Two mills |
| No sinking fund | ____ mills |
| _____ for library | ____ dollars |
| Total | Ten mills |

" 'Dated this 23d day of August, A. D. 1909.
" 'A. L. HANKINS, District Clerk.'

"It is further agreed that the minutes of the commissioners' meeting for the year 1909 do not show that the board of county commissioners ever included or authorized the inclusion of this levy, increasing the same from ten mills to twelve mills.

"It is further agreed that an extra two mills was levied by the board of county commissioners for sinking fund of said district and ordered by them placed upon the tax rolls, which said order does not show upon the minutes of the county commissioners' proceedings.

"It is further agreed by counsel for the plaintiff and defendant that there has been a regular bond issue in school district No. 3, to the amount of $10,000, and that the said two mills levy for school district No. 3, levied by the board of county commissioners, is for the purpose of paying interest on said bond issue for sinking fund because of said bond issue."

Upon this agreed statement of facts and by the law governing in such cases plaintiff in error seeks to reverse the judgment below, contending that this additional levy of two mills was wholly illegal and void for two reasons, to wit: First, it was never formally levied or made a matter of record by the board of county commissioners. Second, the board of county commissioners was without authority to order such levy.

The first proposition is disposed of by the stipulation of facts. Plaintiff agrees in such stipulation that the order for the additional levy was made by the county commissioners. If such order was made, then there was no necessity for proving that it was made. Had there been a controversy as to whether such order had been made, then the contention of plaintiff that the records of the board of county commissioners are the best evidence on the question, and that such records constitute *prima facie* evidence of what was done, would be well taken. But the records are not the order itself, but only the best evidence of the order. The order itself came from the board of county commissioners, and, if it be agreed that such order was made, then it is immaterial whether there be any further evidence of the order or not. And it being conceded by the plaintiff that the order for such additional levy was made by the board of county

commissioners and that pursuant to such order the levy was spread on the tax rolls by the county clerk, there is no necessity for further proof of the order, and therefore the plaintiff in error's first contention is without merit.

As to the second contention, "that the board of county commissioners was without authority to order such levy," it is conceded that such levy was made by authority of sections 8056 and 8070, Comp. Laws 1909 (Rev. Laws 1910, secs. 7785 and 7841), but contended that such sections of the statute are repugnant to sections 9, 26, and 28 of article 10 of the Constitution, which sections are as follows:

Section 9, art. 10, of the Constitution, provides as follows:

"Except as herein otherwise provided, the total taxes, on an *ad valorem* basis, for all purposes, state, county, township, city or town, and school district taxes, shall not exceed in any one year thirty-one and one-half mills on the dollar, to be divided as follows: State levy, not more than three and one-half mills; county levy, not more than eight mills: Provided, that any county may levy not exceeding two mills additional for county high school and aid to the common schools of the county, not over one mill of which shall be for such high school, and the aid to said common schools shall be apportioned as provided by law; township levy, not more than five mills; city or town levy, not more than ten mills; school district levy, not more than five mills on the dollar for school district purposes, for support of common school: Provided, that the aforesaid annual rate for school purposes may be increased by any school district by an amount not to exceed ten mills on the dollar valuation, on condition that a majority of the voters thereof voting at an election, vote for said increase."

Section 26, art. 10, of the Constitution, provides, in part, as follows:

"Provided, that any county, city, town, township, school district, or other political corporation, or subdivision of the state, incurring any indebtedness, requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five years from the time of contracting the same."

Section 28 of article 10 of the Constitution provides:

"Counties, townships, school districts, cities, and towns shall levy sufficient additional revenue to create a sinking fund to be used, first, for the payment of interest coupons as they fall due; second, for the payment of bonds as they fall due; third, for the payment of such parts of judgments as such municipality may, by law, be required to pay."

Sections 8056 and 8070, respectively, of Comp. Laws 1909 (Rev. Laws 1910, secs. 7785 and 7841), read as follows:

"Section 8056 (Rev. Laws 1910, sec. 7785): * * * Also, provided further, that if the inhabitants of any school district, shall neglect or refuse to make such levy, then the board of county commissioners of such county, through the advice of the county superintendent of public instruction, shall levy a tax annually of not to exceed two per cent on all taxable property in the district."

"Section 8070 (Rev. Laws 1910, sec. 7841): It shall be the duty of the board of county commissioners of each county to levy, annually, upon all taxable property in each district in such county, a tax sufficient to pay the interest accruing upon bonds issued by such district, and to provide a sinking fund for the final redemption of the bonds, such levy to be made with the annual levy of the county, and the taxes collected with other taxes," etc.

We see no material conflict between the foregoing provisions of the statutes and the Constitution. It is plain that under the provisions of the Constitution the debt incurring and contracting power is vested in the municipality incurring such debt. It is equally clear that the authority for creating an excess levy or increase in levy for general school purposes is also vested in the school district, and plain that the board of county commissioners could neither create a debt against, nor make an excess levy for, general school purposes in a school district without such question having been voted on by the electors of such district. But the case at bar presents a different question. The school district here, it is agreed, had previously voted a bond issue creating an indebtedness of $10,000 against itself, and it also appears from the agreed statement of facts that at the annual school election held in such district in June, 1909, for the purpose of determining the amount of levy necessary for the ensuing fiscal year, they had overlooked voting a levy for

a sinking fund, and, having failed to do so, the board of county commissioners, under the above statutes, made the necessary levy. We do not deem the statutes under which such levy was made repugnant to the provisions of the Constitution above quoted, but rather deem them an aid in carrying out the provisions of the Constitution. As a matter of fact, under our law, the actual tax levying power of a county is vested in the board of county commissioners. It is true that the various subdivisions of the county have a voice in determining the amount of levy to be made in such district, town, or municipality, but they do not, as a matter of fact, actually make the levy. They merely vote on the amount of levy necessary to be made and certify the same to the county commissioners, who make the actual levy and order the same to be spread upon the tax rolls of the county; and although a school district may, under the provisions of the Constitution, have exclusive power in determining any excess levy for general school purposes, and whether any bonded indebtedness be incurred by such district, yet having inadvertently omitted to vote such levy to meet such indebtedness after they themselves had already legally incurred same, we can see no repugnance to the constitutional provisions above in a statute which merely confers authority on the board of county commissioners to make such levy in the event of neglect or failure on the part of the school district to do so. It must be observed that the ten mills' limitation prescribed in section 9, art. 10, of the Constitution, relates to the maximum levy for general school purposes, and not to a levy for sinking fund for a bonded debt already created by the district. The amount of bonded debt which may be legally incurred by the district is governed by other provisions of the Constitution; and, where a debt has been contracted within the limitations fixed by such constitutional provision, then the levy which the law requires to be made for a sinking fund with which to pay such debt as it falls due is not included within the maximum levy prescribed for general school purposes. The law prescribes the amount of debt a district may incur and provides how it shall be paid. In such case the legality of the debt determines the legal amount

of levy which may be made. The law also provides for levy for general school purposes and places a limitation on that.

The levy for the debt and the levy for general school purposes are distinct levies and are limited by separate provisions of law. In the case at bar the bonded debt had been voted by the district. The law provides that such debt shall be paid and how it shall be paid. The school district had neglected to make the sinking fund levy, and the board of county commissioners, acting under the authority of the foregoing provisions of statute, ordered such levy to be made, and we see no conflict between the provisions of the Constitution and those of the foregoing statutes in so far as such statutes authorize the board of county commissioners to make a levy for a sinking fund which the school district has merely inadvertently omitted to make.

We think the injunction was properly denied and that the judgment of the court below should be affirmed.

By the Court: It is so ordered.