ST. LOUIS & S. F. R. CO. v. AMEND, *County Treasurer, et al.*

No. 3499.   Opinion. Filed January 19, 1915.

(145 Pac. 1117.)

**TAXATION—Levy—Validity—Collection—Injunction.** Any tax levied by the county excise board in excess of the estimate of the township or school district officers for the fiscal year is illegal and void.

   (a) The collection of such illegal and void tax may be enjoined.

(Syllabus. by Thacker, C.)

*Error from District Court, Pushmataha County;*

*A. H. Ferguson, Judge.*

Action by the St. Louis & San Francisco Railroad Company against J. W. Amend, as County Treasurer of Pushmataha County, Wm. Ellis, as Sheriff of said county, and F. C. Amend and C. E. Stephenson, as their successors in office, for injunction against collection of excessive taxes.   Judgment for defendants, and plaintiff brings error.   Reversed and remanded, with instructions.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*A. J. Arnote,* Co. Atty., for defendants in error.

Opinion by THACKER, C.   Plaintiff in error brought this action in the trial court against defendants in error, treasurer and sheriff, respectively, of Pushmataha county, to enjoin the collection of certain taxes for the fiscal year beginning on July 1, 1910.   On December 26, 1910, plaintiff paid, as one-half of such taxes, $12,616.19; but the defendant treasurer, claiming $12,706.88, as the half then due, accepted said $12,616.19 only as a partial payment; the difference between the amount claimed by defendant treasurer as such one-half being $90.68.

Under Session Laws 1909, p. 603, as amended by Session Laws 1910, p. 149 (section 7389, Rev. Laws 1910), a failure to pay one-half of the whole amount of the taxes before January 1, 1911, would have resulted in maturing the whole amount of the taxes for that year on that date.

The plaintiff's claim of excessive levy to the amount of $181.37 (said $90.68 being the first half of this amount) arises out of the levy for one township and two school districts in said county; and said $12,616.19 (being one-half of all taxes plaintiff admits owing in said county) includes a payment of what plaintiff claims to be one-half of the comparatively small amounts levied for such township and school districts.

The county excise board (created, etc., by Session Laws 1910, p. 111, the same being sections 7379, 7380, Revised Laws 1910) made levies as follows: (1) Upon an assessed valuation of taxable property in Kosoma township (after deducting $38,815 as nontaxable Indian lands) of $778,910, and upon that township's estimate of its needs for expenses, sinking fund, and interest coupons of an amount to which an addition of 10 per cent for delinquent taxes would make $87.18, a levy of one mill (the equivalent of $778.91) was made; and, the assessed value of plaintiff's property being $501,021, this shows an excessive levy of $120.24, but in the petition plaintiff only claims $50.10. (2) Upon an assessed valuation of the taxable property in school district No. 3 of said county (after deducting $4,447 as nontaxable Indian lands) of $227,220 and upon that district's estimate of its needs for expenses, sinking fund, and interest coupons of an amount to which an addition of 10 per cent for delinquent taxes would make $416, a levy of two mills (the equivalent of $454.44) was made; and, the assessed value of plaintiff's property being $212,683, this shows an excessive levy of $35.15. (3) Upon an assessed valuation of the taxable property in school district No. 22 of said county (after deducting $6,877 as upon nontaxable Indian land) of $287,327, and upon that district's estimate of its needs for expenses, sinking fund, and interest coupons of an

amount. to which an addition of 10 per cent for delinquent taxes would make $1,036.49, a levy of four mills (the equivalent of $1,149.28) was made; and, the assessed valuation of plaintiff's property being $253,540, this shows an excessive levy of $96.34, but in the petition plaintiff only claims $88.74.

It thus appears that the aggregate of the excessive levies upon plaintiff's property in that county is $174.99. And it further appears that the plaintiff should have tendered and paid, as the first due half of its taxes, the sum of $12,692.55, or $76.36 more than it did. There is some disagreement and confusion in the basis for and the results of the calculations of the parties in their briefs, and there may be some minor error in our own calculations; but, if so, we hope our attention will be called to same by petition for rehearing. However, it seems clear that there was an excessive levy of $174.99, which was illegal and void. *St. Louis & S. F. R. Co. v. Thompson, Co. Treas.,* 35 Okla. 138, 128 Pac. 685.

The temporary restraining order should have been made a perpetual injunction to the amount of $174.99, as such excess; and the judgment of the trial court should be reversed and remanded, with instructions to enter a judgment perpetually enjoining the collection of said sum of $174.99.

By the Court: It is so ordered.