## CITY OF COLLINSVILLE et al v. WARD et al.

No. 8390—Opinion Filed Feb. 13, 1917.

Rehearing Denied June 6, 1917.

(165 Pac. 1145.)

(Syllabus by the Court.)

**1. Municipal Corporations—Taxation—Charter Provisions.**

The provisions of the charter of the city of Collinsville, framed, adopted, and approved pursuant to the authority conferred by section 3a, art. 18, Williams' Ann. Const., and section 539, Rev. Laws 1910, regulating the method of levying and collecting taxes for purely municipal purposes, prevail over the general laws of the state in reference thereto in so far as said general laws are in conflict therewith.

**2. Same—General Law.**

Article 10, sec. 14, Williams' Ann. Const., which provides that "taxes shall be levied and collected by general laws and for public purposes only," was intended as a limitation upon the power of the Legislature in passing laws for the levy of taxes to the passage of general laws, as distinguished from local or special acts, and was not intended to prohibit cities from adopting charter provisions authorizing the levy and collection by such cities of taxes for purposes that are purely municipal.

**3. Taxation—Equitable Relief.**

Where a party seeks equitable relief against an assessment of taxes of which he complains, he must offer to do equity by paying or offering to pay the amount of taxes properly chargeable against him under a proper assessment.

**4. Municipal Corporations—Taxation — Injunction—Sufficiency of Petition.**

Petition examined, and held not to state a cause of action.

Error from District Court, Rogers County. W. J. Campbell, Judge.

Action for injunction by J. D. Ward, for and on behalf of himself and other taxpayers against the city of Collinsville, Okla., and others. Judgment for plaintiff, motion to vacate judgment and to dissolve the injunction overruled, and defendants bring error. Reversed and remanded.

[This case overruled in part by Bodine et al. v. City of Oklahoma City et al., 79 Okla. 106.]

J. F. Orr, Randolph, Haver & Shirk, and Elton B. Hunt, for plaintiffs in error.

Ertell & Hart and Adams & Wills, for defendants in error.

HARDY, J. J. D. Ward, who will be referred to as plaintiff, on behalf of himself and all other taxpayers similarly situated, brought this action against the city of Collinsville, its board of commissioners, and business manager, who will be referred to as defendants, to restrain the collection of certain taxes levied for the year 1914, which the defendants were proceeding to collect in accordance with the charter provisions of said city. Demurrer was filed to the petition, which was overruled, and exceptions saved, and judgment rendered in favor of plaintiff, perpetually enjoining the collection of said taxes. Motion to vacate judgment and to dissolve the injunction was overruled, and defendants prosecute error.

The first error assigned is that the court erred in overruling the demurrer to plaintiff's petition, which alleged in substance that plaintiff was a resident and citizen of said city, and a property owner and taxpayer therein; that said city was a city of the first class, organized and existing under the laws of this state, and that the other defendants constituted the board of commissioners and business manager of said city; that during the year 1914 said city, by and through its agents, listed and assessed all of the real property located therein for the purpose of taxation and made a levy thereon, and thereafter, under and by virtue of said listing, assessment, and levy, was proceeding to collect said taxes so levied; that plaintiff, and those for whom he prosecutes this action, during said year owned a large amount of real property in the limits of said city, which was included in the listing, assessment, and levy complained of; that plaintiff, and those for whom he prosecutes this action, had neglected and refused to pay said taxes, for the reason that the actions of said city and its officers and agents were and are contrary to the Constitution and laws of the state of Oklahoma, and were and are without warrant or authority of law; that the said city had no authority or power to list and assess plaintiff's property, or the property of any other person, or to levy and collect a tax thereon; and that said defendant had caused notice to be given that plaintiff's property, and other property similarly situated, upon which taxes had been levied as aforesaid, would be sold, and, unless restrained, would proceed with said sale, to plaintiff's great and irreparable injury.

The principal question argued by both sides is whether the city or Collinsville had the authority, under the Constitution and laws of this state, to provide in its charter for the assessment, levy, and collection of municipal taxes in a manner different from or through instrumentalities other than those provided by the general laws of the state for the collection of state and county

taxes. In compliance with the provisions of section 3a of article 18, Williams' Ann. Const., the city of Collinsville did on the 9th day of January, 1914, adopt what is known and designated as "the charter of the city of Collinsville, Oklahoma," which charter was duly approved by the Governor of this state on January 19, 1914, and said city was operating under said freeholders' charter, by the provisions of which power is conferred upon it to levy and collect such general and special assessments and license and occupation taxes as may be necessary for the general operative expenses of the city and for the purpose of accumulations to the sinking and interest funds required by law; and it is further provided that said city shall have the power and is authorized annually to levy and collect taxes for general revenue purposes not to exceed 8 mills on the dollar on the assessed value of all real, mixed, and personal property in the city, not exempt from taxation by the Constitution and laws of the state. Power is conferred upon the board of commissioners to provide by ordinance for the prompt collection of taxes assessed, levied, and imposed under said charter provisions, and full power and authority is conferred upon them to sell or cause to be sold all kinds of property, real and personal, and they are also authorized to make such rules and regulations and ordain and pass all ordinances deemed necessary to the levying, laying, imposing, assessing, and collecting of any taxes provided for in said charter.

On behalf of the defendants it is contended that by the adoption of this charter under the provisions of section 3a, art. 18, Williams' Const., full power and authority is conferred upon the city, through its board of commissioners, to levy and collect all taxes for municipal purposes independent of. the general revenue laws of the state, while plaintiff contends that the matter of taxation and revenue is one of general public concern, which the Legislature may lawfully regulate, even though the taxes involved be for purely municipal purposes. In support of this view, plaintiff calls our attention to various provisions of the Constitution regulating taxation, and particularly to article 10 of section 14, which provides:

"Taxes shall be levied and collected by general laws, and for public purposes only. * * *"

In Kansas City v. Johnson, 78 Mo. 661, it was held that section 3, art. 10, of the Constitution of Missouri, which declared that all taxes should be levied by general laws, was intended to restrict the powers of the Legislature in passing laws for the levy of taxes to the passage of general laws, as distinguished from local or special laws, and that said provisions did not repeal the provisions of the charter of Kansas City authorizing said city to levy taxes. The clear import of this holding is that provisions of a charter, adopted in conformity with the laws of that state conferring upon charter cities the power to levy taxes for municipal purposes, supersede the general laws of that state regulating the levy and collection of such taxes. This court has heretofore approved the rule adopted in Missouri with reference to the effect of charters framed and adopted by cities of that state, where the provisions of such charters conflict with the general laws relating to municipal matters, and has applied the same rule in the construction of charters adopted by cities of this state under the authority conferred in section 3a of article 18. Lackey v. State, 29 Okla. 255, 116 Pac. 913; State v. Linn, 49 Okla. 526, 153 Pac. 826. Following the rule announced in Kansas City v. Johnson, supra, we hold that article 10, sec. 14, Williams' Const., was intended as a limitation upon the power of the Legislature in passing laws for the levy of taxes to the passage of general laws, as distinguished from local and special acts, and that said section does not prohibit cities from adopting a charter containing provisions authorizing the levy and collection of taxes by such cities for purposes that are merely municipal.

Plaintiff sets out in great detail the general revenue laws regulating the levy and collection of taxes by the state and its various municipal subdivisions, and calls our attention to the language in sections 7378 and 7384, Rev. Laws 1910, making said laws applicable to cities, whether having a charter form of government or not, and insists that it was within the power of and was the intention of the Legislature to require all taxes for municipal purposes to be levied and collected in accordance with said general provisions, and that the charter provisions of the defendant city regulating the levy and collection of taxes therein, being in conflict with said general statutes, must give way. Section 539, Rev. Laws 1910, provides:

"When a charter for any city of this state shall have been framed, adopted and approved according to the provisions of this article, and any provisions of such charter shall be in conflict with any law or laws relating to cities in force at the time of the adoption and approval of such charter, the provisions of such charter shall prevail and be in full force, notwithstanding such conflict, and shall operate as a repeal or suspension of such state law or laws to the extent of such conflict; and such state law or laws shall not thereafter be operative in so far as they are in conflict with such charter. Provided, that such charter shall be

consistent with and subject to the provisions of the Constitution, and not in conflict with the provisions of the Constitution, and laws relating to the exercise of the initiative and referendum, and other general laws of the state not relative to cities of the first class."

The effect of a provision in a charter, which has been duly framed, adopted, and approved by the Governor, where the same is in conflict with the laws of this state, has been considered in a number of cases, and the uniform holding has been that such charter provisions become the organic law of the municipality, and supersede the laws of the state in conflict therewith, in so far as such general laws attempt to regulate merely municipal matters. Owen v. Tulsa, 27 Okla. 264, 111 Pac. 320; Lackey v. State, supra; Mitchell v. Carter, 31 Okla. 592, 122 Pac. 691; Okla. Ry. Co. v. Powell, 33 Okla. 737, 127 Pac. 1080; In re Simmons, 4 Okla. Cr. 662, 112 Pac. 951; State v. Linn, supra. In Lackey v. State, the effect of section 3a, art. 18, of the Constitution, and section 539, Rev. Laws 1910, was considered in connection with the provisions of a charter adopted by Oklahoma City regulating the election of municipal officers, and in the opinion it was said:

"By this section the people of the state, in the exercise of their sovereign power and by means of their organic law, have delegated to the inhabitants of cities having a population of more than 2,000 the power, to be exercised by such inhabitants at their option, to frame a charter for their own local government, which is to become the organic law of such government, and to supersede the laws of the state in conflict therewith, in so far only as they attempt to regulate merely municipal affairs."

And after calling attention to the fact that similar provisions were found in the Constitutions of several of the states, no two of which appeared to be identical, and noting the conflict in the decisions, construing such provisions, this court approved the construction given by the Supreme Court of Missouri to section 16, art. 9, of the Constitution of that state, authorizing cities of more than 100,000 population to frame a charter for their own government, consistent with and subject to the Constitution and laws of that state, and, after rejecting the contention that the provisions of such charter must give way, where in conflict with the laws of the state in reference to matters that are purely municipal, the court continued:

"It is clear that the foregoing statute intends to provide that, wherever a freeholders' charter has been adopted under the provisions of the Constitution and conflicts with any law of the state relating to municipal matters of cities of the first class, the provisions of such charter shall prevail, * * *"

The question, then, is whether the provisions of the charter of the defendant city authorizing the levy and collection of taxes would come within the rule stated, and would prevail in case of conflict with the general revenue laws of the state, in so far as they relate to merely municipal matters. Section 20, art. 10, Williams' Ann. Const., is as follows:

"**Local Taxation to be Levied and Collected by Local Authorities.** The Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes."

This provision was construed in Thurston v. Caldwell, 40 Okla. 206, 137 Pac. 683, where plaintiff sought to enjoin certain taxes imposed or attempted to be imposed upon certain real estate for city, town, school district, and county purposes under the general revenue laws of the state. A portion of the taxes involved were levied for the city of Purcell during a period of time when said city was operating under a charter form of government. The principal contention was that the general revenue laws, being the same as here involved, were unconstitutional in so far as they related to counties, cities, and townships, because they were repugnant to section 20, art. 10, supra. This contention was denied, and it was held that said section did not constitute a limitation upon the power of the Legislature to impose taxes for purposes in which the state has a sovereign interest, although of a municipal character, such as taxation for police protection, for streets, highways, and bridges, for the purpose of establishing and maintaining a public school system, etc., but applied to purely municipal affairs. This decision has been followed, and the rule therein stated applied, in the following cases: Thurston v Frank et al., 40 Okla. 463, 139 Pac. 124; Thurston v. Hine, 40 Okla. 465, 139 Pac. 125; St. L. & S. F. R. R. Co. v. Amend, 44 Okla. 602, 145 Pac. 1117; St. L. & S. F. R. R. Co. v. Haworth, 48 Okla. 132, 149 Pac. 1086.

The decision in the Thurston Case determined the proposition that the general revenue laws apply and govern in the levy and assessment of taxes of that character in which the state has a sovereign interest, and by inference at least held that such laws do not apply to taxes which are purely municipal, and because the petition did not specifically show that the taxes sought to be enjoined were imposed for purely municipal purposes, or that plaintiffs had tendered the

amount due for such taxes as were legally imposed, it was held the petition did not state a cause of action, and that the demurrer in the trial court should have been sustained, and the judgment enjoining the collection of said taxes was accordingly reversed, and the cause remanded.

If it be held that the general laws apply to all taxes that may be levied and collected in a municipality, whether for purposes in which the state has a sovereign interest or for purely municipal purposes, then section 20, art. 10, would be without meaning or effect, and left without a field for its operation. That the framers of the Constitution in writing said provision, and the people by adopting it, intended that it should be given effect and should have operation in some sphere, cannot be doubted. Other provisions of the Constitution indicate that the people recognized the right of the municipality in matters of purely local or municipal concern to levy taxes, as is shown by section 19, art. 9, which declares that every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body levying a tax, shall specify distinctly the purpose for which said tax is levied, and by section 28, art. 10, requiring such municipality to levy sufficient additional revenue to create a sinking fund to be used for the purposes required by law. Gray's Lim. of Taxing Power and Public Indebtedness, sec. 677 (a), p. 335.

We think, following the previous holdings of this court in reference to the effect of the charter provisions relating to municipal affairs which conflict with the general laws of the state relating to matters of that character, that the provisions of the charter of the city of Collinsville regulating the method of levying and collecting taxes for purposes which are purely municipal should prevail, and inasmuch as the plaintiff's petition seeks to enjoin the collection of all taxes levied within said city, without pointing out those taxes which are municipal in their character and those which should be levied under the general revenue law, and has failed and refused to tender the amount due for such taxes as were legally imposed, it was error to overrule the demurrer thereto. In all matters pertaining to taxation, a party who seeks equitable relief against an assessment of which he complains, must himself offer to do equity by offering to pay the amount of taxes which the facts show would be properly chargeable against him under a proper assessment. Thurston v. Caldwell.

The judgment of the court below is therefore reversed, and the cause remanded.