## ROGERS, County Treasurer, v. BASS & HARBOUR CO.

No. 6502—Opinion Filed Oct. 9, 1917.

(168 Pac. 212.)

(Syllabus by the Court.)

**1. Taxation—Legislative Powers—Constitutional Provisions.**

Section 20, art. 10, Williams' Annotated Constitution, providing that "the Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may, by general laws confer on the proper authorities thereof, respectively, the power to assess and collect such taxes," does not constitute a limitation upon the powers of the Legislature to impose taxes in which the state has a sovereign interest, although of a municipal character, such as taxation for police protection, for streets, highways, and bridges, for the purpose of establishing and maintaining a public school system. etc.

**2. Counties — Taxation — Levy by Excise Board.**

The members of the excise board are officials of the county, chosen by the electors thereof, and taxes levied by them for county purposes are levied in theory and in fact by the proper officials of said county.

**3. Municipal Corporations — Taxation — General Laws.**

The provisions of the charter of the city of Muskogee in so far as they regulate the

method of levying and collecting taxes for purely municipal purposes prevail over the general laws of the state in reference thereto in so far as said general laws are in conflict therewith.

**4. Counties — Taxation — Excise Board — Record.**

Section 7380, Rev. Laws 1910, which requires the excise board to keep a record of its proceedings, is directory, and when a tax is in fact levied as required by law, the failure to keep a record thereof will not invalidate such tax, and the fact that a levy was made may be shown by other evidence.

**5. Taxation—Levy and Assessment—Validating Statute.**

Chapter 184, Session Laws 1913, p. 413, legalizes and makes valid all levies and assessments of taxes for the various counties, cities, townships, towns, and villages of the state for the fiscal year ending June 30, 1913, as if all acts required by the statutes of the state in relation to the levy and assessment thereof had been fully and completely complied with.

**6. Taxation—Action to Recover Taxes— Application of Statute.**

Section 7, art. 1, c. 240, Session Laws 1913, requiring the payment of taxes claimed to be illegal by reason of some action from which no appeal is provided, and requiring notice to the collecting officer, showing the grounds of complaint, and authorizing the taxpayer to bring suit within 30 days for the recovery thereof, does not apply to an action commenced before its passage and approval.

**7. Taxation — Assessment — Relief — Conditions.**

In all matters pertaining to taxation a party who seeks equitable relief against an assessment of which he complains must himself offer to do equity. He must offer to pay the amount of taxes which the facts show would be properly chargeable against him under a proper assessment.

Error from Superior Court, Muskogee County; Charles A. Cook, Special Judge.

Suit for injunction by the Bass & Harbour Company against Connell Rogers, County Treasurer of Muskogee County, Okla. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

[This case overruled in part by Bodine et al. v. City of Oklahoma City et al., 79 Okla. 106.—Reporter.]

Fred P. Branson, Co. Atty., W. E. Disney, and Blakeney & Maxey, for plaintiff in error.

Guy F. Nelson, Noffsinger & Broome, and B. Broaddus, for defendant in error.

HARDY, J. Defendant in error, plaintiff below, brought suit against plaintiff in error, defendant below, to restrain him, as county treasurer of Muskogee county, from collect-

ing certain taxes levied upon plaintiff's property for the year 1913. The motion to dismiss this proceeding has already been determined and a written opinion filed, and we will not now reconsider the question then disposed of. Rogers v. Bass & Harbour Co., 47 Okla. 786, 150 Pac. 706. Demurrer to plaintiff's petition was overruled, and trial had, which resulted in a judgment, perpetually enjoining the defendant from collecting the taxes involved.

It is urged that the taxes complained of are void because levied by the excise board and not by the proper officials of the various municipalities, and it is claimed that the legislation under which these various acts of the taxing officials were performed, in so far as municipal taxes are concerned, is in violation of section 20, art. 10, Williams' Ann. Const., which declares:

"Local taxation to be levied and collected by local authorities. The Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may, by general laws, confer on the proper authorities thereof respectively, the power to assess and collect such taxes."

This question was presented in Thurston, County Treasurer, v. Caldwell, 40 Okla. 206, 137 Pac. 683, where in construing the foregoing constitutional provision it was held that it did not—

"constitute a limitation upon the power of the Legislature of the state to impose taxes for purposes which, although of a municipal character, the state has a sovereign interest in, such as taxation for police protection, for streets, highways, and bridges, for the purpose of establishing and maintaining a public school system," etc.

The principle announced in Thurston v. Caldwell was adhered to in Thurston v. Frank et al., 40 Okla. 463, 139 Pac. 124, and in Thurston v. Hine, 40 Okla. 465, 139 Pac. 125, and this rule appears to have been generally followed since that date. In St. L. & S. F. R. R. Co. v. Amend, 44 Okla. 602, 145 Pac. 1117, and in St. L. & S. F. R. R. Co. v. Haworth, 48 Okla. 132, 149 Pac. 1086, certain taxes in excess of the estimates submitted to the excise board were enjoined.

The members of the excise board are officials of the county, chosen by the electors thereof at the regular election, upon whom are imposed the duties performed by such board, and the taxes levied by them for county purposes are, in theory and in fact, levied by the proper officials of the county. As to the school district taxes and taxes in the city of Muskogee in which the state has a sovereign interest, the authority of the ex-

cise board to act in reference thereto is settled by the decisions just cited.

Section 91 of the charter of the city of Muskogee provides that the commissioners of the city shall furnish to the mayor estimates in writing of the probable expenses to be incurred in their several departments for the ensuing year, duplicates of which shall be sent to the commissioner of finance, who shall, on or before the first Monday in May of each year, certify to the mayor the amount of money to be raised by taxation during the ensuing year for municipal pur-. poses. Section 92 requires the mayor, on or before the third Monday in May, to prepare and present to the council his annual budget for the ensuing fiscal year, which shall be prepared in such detail as to the aggregate sum of the items thereof allowed to each department, office, board, or commission as the mayor may deem advisable. Section 93 provides that the council shall, on receipt of the budget, consider and adopt the same with or without amendments, and on adopting the said budget shall estimate and declare the amount of money necessary to be raised by tax levy, and section 94 requires the council to forthwith proceed to make by ordinance the proper levy in mills upon each dollar of the assessed valuation of all taxable property within the city, and to cause the total levy to be certified by the clerk to the proper county officials, who shall extend the same upon the tax lists of the current year in a separate column, itemized "The City of Muskogee," and shall include said city taxes in his general warrant to the proper county official for collection. These provisions of the city charter, in so far as they regulate the method of levying and collecting taxes for purely municipal purposes, prevail over the general laws of the state in reference thereto in so far as said general laws are in conflict therewith, and confer upon the municipal authorities the power and jurisdiction to levy such taxes. City of Collinsville v. Ward, 64 Oklahoma, 165 Pac. 1145.

The minutes of the excise board made at the time failed to show affirmatively that the board ascertained the assessed valuation of the property taxed ad valorem in the respective municipalities, and that it ascertained the probable income of such municipalities from all other sources than ad valorem taxation, and in some instances failed to show that any levy was in fact made. Section 7380, Rev. Laws 1910, requires the board to keep a record of its proceedings, and the absence of such record is said to be fatal to the validity of the taxes the collection of which is sought to be enjoined herein. Esti-

mates in accordance with the law, as appears from the evidence offered and excluded, were submitted by the proper authorities of the various municipalities, and the minutes kept by the board show that many items therein were revised and reduced. To prove that levies were in fact made, plaintiff in error offered in evidence the estimates which had been prepared and submitted by the several municipalities, showing therein its estimated yearly income from sources other than ad valorem taxes, and also offered a certificate, indorsed on the estimates submitted by school district No. 20, approving such estimate and ordering a levy based thereon for such school district. Upon the estimates offered there appears, under proper headings, the amount of each item approved by the board, and also the amount to be raised by tax levy. Plaintiff in error offered to show that these figures were made at the time by the clerk under the direction of the board, and that such figures represented the various estimates approved and levy ordered to be made. This evidence was excluded. Section 7380 requires the clerk to certify the levies made by the excise board to the proper municipal authorities and the certificate of the clerk in due form, showing the state equalized valuations of the property taxed ad valorem in each municipal subdivision, together with the total estimate approved for each fund, and the mill levy made therefor was offered and excluded. All of this evidence was excluded upon the theory, no doubt, that the statute requiring the board to keep a record of its proceedings was mandatory, and that the absence of such record rendered the tax proceedings void. This view of the law is erroneous. The statute does not prescribe any form in which the record shall be kept, nor does it make the minutes of its proceedings the exclusive evidence of its actions, nor does it declare the keeping of such record a prerequisite to the validity of the levy made.

In St. L. & S. F. R. R. Co. v. Lindsey, 39 Okla. 489, 135 Pac. 1053, it was contended that the tax involved had never been formally levied or made a matter of record. The parties, however, stipulated that the order had been made, and this was held sufficient. Had absence of a record of the making of such order been fatal to its validity, the parties could not, by that agreement, have given validity to a void tax. In the opinion it was said:

"If such order was made, then there was no necessity for proving that it was made. Had there been a controversy as to whether such order had been made, then the contention of plaintiff that the records of the board

of county commissioners are the best evidence on the question, and that such records constituted 'prima facie evidence of what was done, would be well taken. But the records are not the order itself, but only the best evidence of the order. The order itself came from the board of county commissioners; and, if it be agreed that such order was made, then it is immaterial whether there be any further evidence of the order or not. And it being conceded by the plaintiff that the order for such additional levy was made by the board of county commissioners, and that pursuant to such order the levy was spread on the tax rolls by the county clerk, there is no necessity for further proof of the order, and therefore the plaintiff in error's first contention is without merit."

The record constituting prima facie evidence of what was done, other evidence could be introduced to show what was done. A similar question was presented in Gilmer v. School District No. 26, 41 Okla. p. 12, 136 Pac. 1086, 50 L. R. A. (N. S.) 99, where it was held that parol evidence was competent to show authority granted at an annual school meeting to the district officials to sell certain property belonging to the district. Section 7800, Rev. Laws 1910, requires the clerk of the district, if present, and, if not, any voter who may be selected, to certify the proceedings of the meeting, and also requires them to be recorded by the clerk. It is also required by statute that all orders and judgments of the court and of the judge thereof, made in vacation or chambers, be recorded on the journal of the court, but it has been held that the failure of the clerk to do so does not affect the validity of such judgments and orders as between the parties. St. L. & S. F. R. R. Co. v. Taliaferro, 58 Okla. 585, 160 Pac. 610.

In Marth v. City of Kingfisher et al., 22 Okla. 602, 98 Pac. 436, 18 L. R. A. (N. S.) 1238, it was held that sections 418, 464, Wilson's Rev. & Ann. St. Okla. 1903, were merely directory, and that the failure of the city clerk to record upon his journal the proceedings of the city council had in passing an ordinance, and to record the ordinance in the ordinance book does not invalidate such ordinance and to record the ordinance in the rule of construction in this state to be that, where a statute requires a record to be kept of proceedings had or orders made, the failure to keep such record will not render invalid such proceedings or orders, unless the intent of the Legislature to so declare is apparent, and the statute will be held to be directory. There is nothing in the statute under consideration which indicates that the keeping of a record of the proceedings of the board is an essential prerequisite to the

validity or effectiveness of its orders. Section 7380 requires the clerk of the excise board to certify the levies made to the county clerk, who shall spread the same on the tax rolls, which, when completed, shall be delivered to the county treasurer, with a warrant in general terms under the hand and seal of the county clerk, requiring the treasurer to collect the taxes therein levied, and section 7388 declares that no informality in any of the foregoing requirements shall render any proceedings for the collection of taxes illegal.

A kindred question was presented in Lawrence v. Traner, 136 Ill. 474, 27 N. E. 197. The seventeenth section of the fifth article of the School Law of 1889 (Laws 1889, p. 296) of that state required the clerk of the school board to keep in a bound book a record of the official acts of the board, which were required to be signed by the president and clerk and be submitted to the township treasurer for his inspection and approval. The provisions respecting the levying of taxes for school purposes were contained in the eighth article, and there were found specific directions as to what should be done by the directors of the school district and other officers to make a valid levy of the school taxes. They were required to ascertain, as near as practicable, how much money was required to be raised by special tax and certify same to the township treasurer. The validity of the levy involved was challenged on the ground that no record was kept of the action of the board in respect thereto. The court held that the validity of the tax did not rest upon the record made by the clerk, and that a failure upon his part to keep such a record did not render the tax levy invalid, and that where the certificate required to be made out was in fact made out and filed with the treasurer, it became the basis for the extension of the tax upon the rolls, and was in itself in fact the levy thereof. In Hill v. Probst, County Treasurer, 120 Ind. 528, 22 N. E. 664, the tax was found upon the tax duplicate, and the court said that:

"As [all] public officers are presumed to do their duty, it must be presumed to be there lawfully, and in accordance with the prayer of the petition, until the contrary is shown."

And it was held that, while the complaint contained an allegation that the board of county commissioners took no action and made no order about or concerning the appropriation after ordering the collection, because the law made it their imperative duty to assess the tax if the majority of votes cast were favorable thereto, such general averments as were contained in the petition were

far short of an averment that they did not levy such tax, and the court indulged the presumption in the absence of a specific showing to the contrary that same had been levied.

In Kansas City R. R. Co. v. Tontz, 29 Kan. 460, the tax levy had been reported to the county clerk, entered on the tax rolls, and the rolls certified to the treasurer, as in the case at bar. The plaintiff refused to pay the tax because no levy was entered of record. Six months after the levy was made, the commissioners met, and by a nunc pro tunc order, corrected the minutes of that proceeding so as to cause a record of the levy to be made. In this case the court says:

"Now although no record of the levy had yet been made, yet the plaintiff might have ascertained that a levy had in fact been made, if it had made any inquiry; and the fact that the county clerk had entered the tax upon the tax rolls of the county and placed the tax rolls in the hands of the county treasurer for collection, and that the county treasurer was then endeavoring to collect all the taxes entered thereon, were sufficient to put the plaintiff upon inquiry. We think that the tax was at all times valid, after the tax rolls were placed in the hands of the county treasurer for collection; that the mere fact that no entry of the levy of the tax had yet been made is not sufficient to invalidate the tax."

Following the foregoing authorities we hold that the statute requiring the clerk to keep a record of the proceedings of the board was directory, and not mandatory, and the failure to keep such record did not render the proceedings void, and, assuming that the tax was in fact levied, and the clerk had spread the same upon the tax rolls and delivered the rolls to the county treasurer, the tax was to all intents and purposes a valid tax, and its payment could not be enjoined upon the ground that the record of the proceedings failed to affirmatively show the levy thereof, and the court committed error in excluding the evidence offered.

By chapter 184, sec. 1, Session Laws 1913, p. 413, it is enacted:

"That the levy and assessment of taxes for the various counties, cities, townships, towns and villages of the state of Oklahoma for the fiscal year, beginning July 1, 1912, and ending June 30, 1913, is hereby legalized and made valid as if all acts required by the statutes of Oklahoma in relation to the levy and assessment of taxes therefor had been fully and completely complied with for said year."

The legislation creating the excise board being valid and the failure to keep a record of its proceedings not being fatal to the validity thereof, but constituting at most an irregularity, said chapter 184 operated on the levies sought to be enjoined, and made them legal and valid in all respects as if the record had in fact been kept. That it is within the power of the Legislature to enact legislation of this character in reference to tax proceedings is well established. Cooley Tax. (3d Ed.) 510; Whitlock v. Hankins, 105 Va. 242, 53 S. E. 401; Boardman v. Beckwith, 18 Iowa, 292 (2 Sut. Stat. Const. 1236); Iowa Railroad Co. v. Soper, 39 Iowa, 112; Hart v. Henderson, 17 Mich. 218; Kimball v. Town of Rosendale, 42 Wis. 407, 24 Am. Rep. 421; People v. Wisconsin Cent. R. Co., 219 Ill. 94, 76 N. E. 80.

Section 7, art. 1, c. 240, Session Laws 1913, requiring a payment of the amount of taxes claimed to be illegal by reason of some action from which the law provides no appeal, and requiring notice to the collecting officer showing the grounds of complaint, and authorizing the taxpayer to bring a suit within 30 days for the recovery of such taxes, did not become effective until October 5, 1913. The petition herein was filed July 14, 1913, while the amended petition was filed after said section became effective, but the filing thereof related back to the date the original petition was filed. Symms Grocer Co. et al. v. Burnham et al., 6 Okla. 618, 52 Pac. 918.

This action having been commenced prior to the date said section 7 became effective, plaintiff's right would be protected by section 52, art. 5, Const., which provides:

"After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit." Lusk et al. v. Starkey, 53 Okla. 794, 158 Pac. 918.

Before the passage of section 7 an illegal levy and the collection thereof might be enjoined at the suit of a taxpayer. See section 7385, Rev. Laws 1910. It is contended that this provision applied only to elections for increased rates of taxation. We do not agree with this view. It is provided that any levy for any purpose, not made in compliance with the provisions of article 8 of which that section forms a part, shall not be valid, and may be enjoined. Article 8 applies to and regulates municipal taxes of all kinds and for every purpose, and should not be so limited in its construction.

The amended petition alleged that plaintiff had tendered the true, just, and legal tax on its property, which tender had been, by the county treasurer, refused. There is no allegation of any amount admitted to be due or tendered in payment of any portion of

the taxes. It was further alleged that plaintiff was willing to pay such sum as the court might find legal and due. The case was tried on the theory that the various levies were illegal for one reason or another, and this contention was sustained by the trial court.

It is insisted that the plaintiff's petition did not state a cause of action, in that it did not allege a tender of the taxes due. This was the situation in Thurston v. Caldwell, where it was sought to enjoin certain taxes on the ground that same had not been levied by the proper authorities, and as the petition in that case did not show specifically that the tax involved was imposed for purely municipal purposes, or that the plaintiff tendered the amount due for such taxes as were legally imposed, it did not state facts sufficient to constitute a cause of action. The cause was reversed for the reason that the trial court should have sustained a demurrer to the plaintiff's petition. It was further stated in the opinion that:

"A party who seeks equitable relief against an assessment of which he complains must himself offer to do equity. He must offer to pay the amount of taxes which the facts show would be properly chargeable against him under a proper assessment." City of Collinsville v. Ward, supra.

In pleading a tender it is necessary that all the facts to establish a legal tender should be pleaded, and this includes an averment of a tender of the specific amount which is admitted to be due. 38 Cyc. 167, 168.

A mere allegation that a party offers to pay whatever may be found to be due, without tendering any specific amount, is not a sufficient plea of tender. Shank v. Groff, 45 W. Va. 543, 32 S. E. 248. This rule is decisive of this case. The plaintiff contests the legality of the entire tax levied, and simply offers to pay whatever the court may adjudge to be legal and due on the true, just, and actual value of its property. Not having tendered the amount due for such taxes as were legally imposed, and not having offered to do equity by offering to pay that which it was legally liable to pay, the plaintiff's petition failed to state a cause of action, and the demurrer should have been sustained thereto.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Justices concur.