## BODINE et al. v. CITY OF OKLAHOMA CITY et al.

No. 10875—Opinion Filed Dec. 17, 1919

(Syllabus by the Court.)

**1. Municipal Corporations—Charter Powers —Tax Budget—Authority of County Excise Board.**

The city of Oklahoma City, by the terms of its charter, adopted in accordance with section 3a, art. 18 of the Constitution, provides for the assessment, preparation, revision, and correction of a tax budget, a levy and collection of taxes for municipal purposes by instrumentalities other than those provided by the general laws of the state. The county excise board, under section 5 of chapter 226 of the Session Laws of 1917, claims the power and authority to revise and correct the city budget. The city, under its charter, claims to possess the sole power to revise and correct its budget. We hold that there is a conflict of authority, and that under section 539 of the Revised Laws of 1910, as interpreted in Lackey v. State, 29 Okla. 255, 116 Pac. 913, and in Mitchell v. Carter, 31 Okla. 592, 122 Pac. 691, the terms of the charter must prevail, and that the authority and power of the revision and correction of the tax budget is with the mayor and city commissioners, and not with the county excise board.

**2. Same—Legislative Intent.**

The Legislature has not as yet asserted itself contrary to the terms of the charter of the city of Oklahoma City for the purposes of raising revenues for municipal purposes by general law. We therefore hold that it was not the legislative intent, when acting under general law, to repeal the terms of the charter of the city in regard to its manner of raising revenues for municipal purposes.

**3. Same—Implied Powers as to Revenue.**

In a grant of authority to adopt a charter by a city as provided in article 18, there is the implied authority to include in the terms of the charter the power to assess, levy, and collect an ad valorem tax for all legitimate and necessary municipal purposes consistent

with and subject to the Constitution and laws of the state, and the city is not limited merely to the imposition of a tax for purposes purely municipal only.

#### 4. Same—Constitutional Limitations.

Article 18 and section 20 of art. 10 of the Constitution each performs a separate and useful purpose, and the limitation upon the Legislature to impose a tax under section 20 is in no wise a limitation on a city to impose a tax for necessary municipal purposes, where the terms of the charter permit.

#### 5. Same—Decisions Overruled.

The opinions of this court in City of Collinsville v. Ward, 64 Oklahoma, 165 Pac. 1145, and Rogers v. Bass & Harbour, 64 Oklahoma, 168 Pac. 212, in so far as they hold that a city operating under a charter wherein the imposition of a tax for municipal purposes is authorized, is limited to a levy for purposes purely municipal only, in so far as they conflict with this opinion, are expressly overruled.

#### 6. Same—Power and Authority—City Commissioners—County Excise Board.

In the instant case we hold that the power and authority to revise and correct the tax budget or estimate of the city of Oklahoma City is with the mayor and city commissioners, and that the county excise board has no authority thereover.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by the city of Oklahoma City and others, composing the board of commissioners of said city, against Tom Bodine, county clerk, and others, composing the excise board of Oklahoma county. Judgment for plaintiffs, and defendants bring error. Affirmed.

Robert Burns, Co. Atty. of Oklahoma County, for plaintiffs in error.

Ross N. Lillard, T. G. Chambers, O. L. Price, and C. H. Ruth, for defendants in error.

HIGGINS, J. In 1911 the city of Oklahoma City adopted a charter form of government, and by the terms of its charter provided a complete system of assessing, levying, and collecting taxes, independent of the instrumentalities furnished by the general laws of the state. The charter further provided that the board of city commissioners should prepare a budget, comprising all such estimated amounts found to be necessary to pay the probable expenditures of the city for the next ensuing year, and that the tax levy made by them should be based thereon; the levy, however, not to exceed the limit provided by the Constitution and laws of the state.

The Legislature of 1917 (chapter 226, sec. 1, Sess. Laws 1917) provided for the creation of a county excise board, consisting of certain county officials, and in section 2 of said chapter provided that the county commissioners, the mayor and council of a city operating under a charter, and the proper officials of a city, town, township, and school district should file an estimate of the probable needs of these municipalities for the ensuing year, and in section 5 provided that the county excise board should have the power and authority to revise and correct the estimates of these municipalities.

The mayor and city commissioners of Oklahoma City have prepared a tax budget and filed the same with the proper county officer, as by its charter provided. The county excise board, claiming to have the authority under section 5, is threatening to revise and correct the city budget by either altering, changing, increasing, decreasing, or rejecting the items set forth in the budget claimed by the commissioners to be necessary for municipal purposes. The city instituted suit against the members of the county excise board, and the trial court enjoined them from revising or correcting the tax budget, from which judgment they appeal to this court.

The only question for consideration here is whether or not the county excise board is authorized under section 5 to revise and correct the budget or estimate of the probable needs of the city for all necessary municipal purposes for the ensuing year as prepared by the city.

It is to be seen that the power and authority to revise and correct the tax budget is by the charter conferred upon certain city officials, and under section 5, supra, it is claimed that it is conferred upon the county excise board. We are thus called upon to decide this conflict.

The authority to adopt a charter form of government is provided in section 3a, art. 18, of the Constitution, which, as far as the issue herein involved, is as follows:

"Any city containing population of more than 2,000 inhabitants may frame a charter for its own government consistent with and subject to the Constitution and laws of this state. * * *"

Section 539 of the Revised Laws of 1910 provides:

"When a charter for any city of this state shall have been framed, adopted and approved according to the provisions of this article, and any provisions of such charter shall be in conflict with any law or laws relating to cities in force at the time of adoption and approval of such charter, the provisions of such charter shall prevail and be in full force, notwithstanding such conflict, and shall operate as a repeal or suspension of such state law or laws to the extent of such con-

flict; and such state law or laws shall not thereafter be operative in so far as they are in conflict with such charter; Provided, that such charter shall be consistent with and subject to the provisions of the Constitution, and not in conflict with the provisions of the Constitution and laws relating to the exercise of the initiative and referendum and other general laws of the state not relative to cities of the first class."

Section 539 provides the method of interpreting a general statute when the same is in conflict with the terms of a charter covering municipal matters.

This court, in interpreting section 539 in Lackey v. State, 29 Okla. 255, 116 Pac. 913, said:

"It is clear that the foregoing statute intends to provide that wherever a freeholder's charter has been adopted under the provisions of the Constitution, and conflicts with any law of the state relating to municipal matters of cities of the first class, the provisions of said charter shall prevail."

And, in Mitchell v. Carter, 31 Okla. 592, 122 Pac. 691, said:

"In other words, the effect of said statute was to declare the law as it already existed in the Constitution, merely setting out the same in greater detail than as contained in article 18. In Lackey v. State, supra, the rule was declared that whenever any matter fell 'within the domain of municipal government' or related solely to municipal affairs, such provision of a municipal charter, adopted pursuant to the provisions of article 18, superseded the general state laws."

We have examined the many items going to make up the estimate or tax budget prepared by the city, and find that all items therein are within the domain of municipal government and relate solely to municipal affairs.

So, under the provisions set forth in section 539, as interpreted in Lackey v. State, supra, we find that as a matter of law the terms of the charter must prevail where it conflicts with the general law in reference to revising and correcting the budget or estimate of the city, this being the legislative intent, and for that reason the county excise board has no authority in reference to same.

We believe that an element of doubt has entered into this case as to the power of a city to impose a tax for all necessary municipal purposes through an erroneous interpretation of the case of Thurston, Co. Treas., v. Caldwell, 40 Okla. 206, 137 Pac. 683. In that case the issue was whether or not the act creating a county excise board for the purpose of levying a tax was repugnant to section 20, art. 10, of the Constitution, which provides:

"The Legislature shall not impose taxes for the purpose of any county, city, town or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes."

Justice Kane, in speaking for the court, correctly interpreted the law in that case as applied to the issue therein raised, holding that section 20 was not a limitation on the Legislature to impose a tax in which the state has a sovereign interest. The principle of law therein laid down is not applicable to the issue in this case. The power to impose a tax under article 18 is independent of the limitations as set forth in section 20. A city, under its charter, may impose a tax for all necessary municipal purposes, for the reason that implied authority is granted under article 18.

A city could not function without this authority. We do not believe that the framers of the Constitution intended to breathe life into a municipal corporation through a charter as provided by article 18, and at the same time provide for the means to strangle it to death by denying to it the power of taxation for municipal purposes. We do not believe that a proper interpretation of the Constitution or of section 539 will justify a finding that a city is limited in its taxing power, while acting under a charter in which its terms authorize the raising of revenues by ad valorem taxation, to purely municipal purposes, whatever that may mean, but may include in its charter the power to raise by taxation revenue for all legitimate purposes of municipal government, subject to the Constitution and laws of the state. We do not mean to say that the Legislature cannot regulate and control the manner and method of raising revenues by a city acting under a charter in all matters in which the state has a sovereign interest, but will say it has not as yet done so. A discussion as to the power of a state to enact laws contrary to the terms of a charter is not necessary in this case, for the reason that, as far as the issue herein is involved, there is no act of the Legislature referred to in which the Legislature has asserted itself contrary to the terms of city charter in reference to municipal affairs. Neither is it necessary to discuss the question whether a levy can be made by the city in this case in excess of the amount fixed by law, as that is not an issue in this case. The charter itself seems to answer this question, however, for it is provided in section 3 of article 7 thereof that the levy for ad valorem purposes shall not exceed the limit provided by the Constitution and the laws of the state. And furthermore, we do not mean to say that the general laws of the state will not author-

ize the imposition of a tax for municipal purposes in which the state has a sovereign interest should a city, when its charter authorizes it, fail to impose such a tax.

A charter of a city may provide for the assessment, levy, and collection of a tax independent of the instrumentalities provided by the general laws of the state. Rogers, County Treasurer, v. Bass & Harbour, 64 Oklahoma, 168 Pac. 212; City of Collinsville v. Ward, 64 Oklahoma, 165 Pac. 1145. Article 18 is self-executing. State ex rel. Reardon, Co. Atty., v. Scales, 21 Okla. 683, 97 Pac. 584.

The opinions in Rogers, Treas., v. Bass & Harbour, supra, and City of Collinsville v. Ward, supra, in so far as they may hold that a city operating under a charter form of government can only levy a tax for purely municipal purposes, are expressly overruled.

We find that the petition states a cause of action, and the procedure adopted is proper.

Judgment affirmed.

All the Justices concur.