## In re INITIATIVE PETITION, CITY OF OKMULGEE.

No. 14195—Opinion Filed April 3, 1923.

(Syllabus.)

1. **Municipal Corporations—Adoption of Charter—Effect.**

Section 329, art. 18. Williams' Constitution, authorizes any city containing a population of more than 2,000 inhabitants to frame a charter for its own government consistent with and subject to the Constitution of this state, and provides that on its approval by the Governor the charter shall become the organic law of such city and supersede any existing charter and all amendments thereto and all ordinances or laws in conflict therewith.

2. **Same—Initiative and Referendum.**

By section 331, art. 18, Williams' Constitution, the powers of the initiative and referendum are reserved to the people of every municipal corporation within this state "with reference to all legislative authority which it may exercise, and amendments to charter for its own government

in accordance with the provisions of this Constitution."

3. **Same—Controlling Force of Charter.**

A city charter, when adopted by the people and approved by the Governor pursuant to the foregoing constitutional authority, becomes the organic law of the city, and the provisions of the charter supersede all laws of the state in conflict with such charter provisions, in so far as such laws relate to purely municipal matters.

4. **Same—Procedure for Change in Charter.**

Providing in a city charter itself the method for its amendment, revision, or its entire abrogation by the adoption of a new charter, is a matter of purely municipal concern; and where this has been done, the method provided for in the charter is exclusive.

5. **Constitutional Law — Procedure for Revision.**

Any attempt to revise or adopt a new Constitution in any other manner than the one provided in the existing instrument, is almost invariably treated as extra-constitutional and revolutionary.

6. **Municipal Corporations—Initiative Petition—Denial.**

For the reasons stated, the action of the city clerk appealed from is affirmed.

Appeal from the Action of the City Clerk of Okmulgee in Denying Initiative Petition.

In the Matter of the Initiative Petition Ordering that a Proposed Charter for the City of Okmulgee, Okla., be Submitted to the Voters Thereof at the General Municipal Election to be Held in Said City on the 3rd Day of April, 1923, or at the Run-Off Election Which may be Held Within Ten Days After the General Election or at a Special Election to be Called for that Purpose.

Wm. C. Alley, for petitioners.

L. L. Cowley, W. L. Merwine, and Chas. Dickson, for respondents.

KANE, J. Okmulgee is a city having a charter form of government, and this is an appeal from the action of R. E. Jenness, commissioner of finance and ex-officio city clerk of the city of Okmulgee, Okla., in denying an initiative petition praying for a proposed amended and stipulated charter for the city of Okmulgee, and providing for the managerial form of government for said city and operating as a repeal or revocation of the provisions of the present charter of said city.

The initiative petition was prepared and presented pursuant to the terms of section 4504, Comp. Stat. 1921, and was denied up-

on the ground that it was insufficient because it did not conform to the provisions of the present charter relating to its amendment or revision and for proposing a new charter.

In our opinion the action of the city clerk in denying the petition upon the grounds stated was not erroneous. Section 329, art. 18, Williams' Constitution, authorizes any city containing a population of more than 2,000 inhabitants to frame a charter for its own government consistent with and subject to the Constitution of this state, and provides that on its approval by the Governor the charter shall become the organic law of such city and supersede any existing charter and all amendments thereto and all ordinances or laws in conflict therewith. And by section 331, art. 18, Williams' Constitution, the powers of the initiative and referendum are reserved to the people of every municipal corporation within this state "with reference to all legislative authority which it may exercise, and amendments to charter for its own government in accordance with the provisions of this Constitution."

It has been held that a city charter adopted pursuant to similar constitutional provisions is a written constitution for the municipality. Wm, A. Frick v. City of Los Angeles, 115 Cal. 512, 47 Pac. 250. And that the purpose of the constitutional provision authorizing such charters is to emancipate municipal governments from the control formerly exercised over them by the Legislature. People v. Hoge. 55 Cal. 612.

There are many decisions in this jurisdiction holding that a city charter, when adopted by the people and approved by the Governor pursuant to the foregoing constitutional authority, becomes the organic law of the city and the provisions of the charter supersedes all laws of the state in conflict with such charter provisions, in so far as such laws relate to purely municipal matters. Lackey et al. v. Grant, 29 Okla. 255, 116 Pac. 913; Burns v. Linn, 49 Okla. 526, 153 Pac. 826; Bodine v. Oklahoma City, 79 Okla. 106, 187 Pac. 209; Owen et al. v. City of Tulsa et al., 27 Okla. 264, 111 Pac. 320; Walton, Mayor, v. Donnelly, Commissioner of Finance and Accounting, et al., 83 Okla. 233, 201 Pac. 367.

Now the inhabitants of the city of Okmulgee, acting upon the principle that the charter when adopted would be the written constitution for the municipality, followed the approved American models for such instruments and specifically provided in the charter itself for its alteration, revision, or amendment, and also for its complete abrogation by the submission of a new charter.

If we apply the principles of constitutional law to the situation thus presented, we find that it is well settled that a Constitution can be neither revised nor amended except in the manner prescribed by itself. Livermore v. Waite, 102 Cal. 113, 25 L. R. A. 312, 36 Pac. 424. And that any attempt to revise or adopt a new Constitution in any other manner than the one provided in the existing instrument is almost invariably treated as extra-constitutional and revolutionary. Wells v. Bain, 75 Pa. 39; Edwards v. Lesueur, 31 L. R. A. 815, 132 Mo. 410.

In other words, while it is universally conceded that the people are sovereign and that they have power to adopt a constitution and to change their own work at will, they must in doing so act in an orderly manner and according to the settled principles of constitutional law. And where the people in adopting a Constitution have prescribed the method by which the people may alter or amend it, an attempt to change the fundamental law in violation of the self-imposed restriction is unconstitutional. Livermore v. Waite, supra; Edwards v. Lesueur, supra.

Now it seems clear to us that, the power of the municipality to adopt a charter or a written constitution being conceded, it must also be conceded that the matter of providing in the charter itself for its amendment, revision, or its entire abrogation by the adoption of a new charter is a matter of such purely municipal concern as to fall within the constitutional grant of power.

Having reached this conclusion, it follows that, under the principles announced in the authorities hereinbefore cited, it was beyond the power of the Legislature to run counter to the provisions of the charter or to interfere with the municipal authorities and the inhabitants of the city in this matter of purely municipal concern.

For the reasons stated, the action of the city clerk appealed from is affirmed.

JOHNSON, C. J., and McNEILL, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.