**FOSTER et al. v. YOUNG, Mayor, et al.**

No. 22143.    Opinion Filed May 5, 1931.

H. B. King, for plaintiffs in error.

C. W. Herod, Municipal Counselor, for defendants in error.

ANDREWS, J. This is an appeal to this court from the action of the mayor and city commissioners of the city of Woodward, Okla., in refusing to call an election of the qualified electors of the city of Woodward for the purpose of voting on a proposition for repealing the charter of the city of Woodward. The appeal was taken pursuant to section 6631, C. O. S. 1921.

The facts shown by the record are that the plaintiffs in error, hereinafter referred to as petitioners, filed with the mayor of the city of Woodward on February 17, 1931, a petition in duplicate, as follows, to wit:

"Warning.

"It is a felony for anyone to sign an initiative or referendum petition with any name other than his own, or knowingly to sign his name more than once for any one measure, or to sign any such petition when he is not a legal voter.

"Initiative Petition No. 1.

"To the Honorable J. E. Young, Mayor of the City of Woodward, State of Oklahoma:

"We, the undersigned citizens and electors of the city of Woodward, Woodward county, state of Oklahoma, respectfully order that the following proposed ordinance repealing the charter of the city of Woodward, Woodward county, state of Oklahoma, shall be submitted to the legal voters of the city of Woodward, Woodward county, state of Oklahoma, for their approval or rejection at a special election to be held on the 9th day of March, 1931, and each signer hereby for himself says:

"I have personally signed this petition. I am a legal voter of and in the city of Woodward, Woodward county, state of Oklahoma. My residence street address and post office address are correctly written after my name. The time for filing this petition expires three (3) months after the 9th day of February, 1931. The question we herewith submit to our fellow voters is: Shall the following ordinance be adopted?

"'An ordinance repealing the charter of the city of Woodward, Oklahoma, passed and adopted on the 29th day of July, 1921, approved by J. C. Walton, Governor of Oklahoma, on the 4th day of October, 1923, and later approved by W. J. Holloway, Governor of the state of Oklahoma, on the 5th day of March, 1929, and directing the mayor of the city of Woodward, Oklahoma, to call an election for the purpose of electing two councilmen from each ward of the city of Woodward, Oklahoma; a mayor to be elected at large in said city of Woodward, Oklahoma, and such other officials as is provided for by the laws of the state of Oklahoma. ·

"'Be it Ordained by the People of the City of Woodward, Oklahoma:

"'Section 1. That the charter of the city of Woodward, Oklahoma, passed and adopted on the 29th day of July, 1921, approved by J. C. Walton, Governor of the state of Oklahoma, on the 4th day of October, 1923, and later again approved by W. J. Holloway, Governor of the state of Oklahoma, on the 5th day of March, 1929, and filed in the office of the city clerk of the city of Woodward, Oklahoma, on the 6th day of March, 1929, be and the same is hereby repealed.

"'Section 2. That within five (5) days after the approval of this ordinance by the Governor of the state of Oklahoma, the city commissioner of the city of Woodward, acting as mayor, shall call an election in the city of Woodward, Oklahoma, for the purpose of electing two councilmen from each ward of said city, and a mayor to be elected at large in said city, and such other officials in and for said city as is provided for by the laws of the state of Oklahoma.

"'Section 3. This ordinance shall be in full force and effect from and after its passage and approval.'

"My Name Is:          My Address Is:"

To each of the duplicate sheets of the petition there were attached signatures, which the petitioners alleged constitute the signatures of 796 qualified electors. There were no affidavits or verifications attached thereto. There was filed in this court a certificate of the secretary of the county election board of Woodward county certifying that there were 1,666 votes cast at the last general election held in the city of Woodward. On the day of the receipt of the instrument the mayor transmitted the same to the city clerk with a request in writing that he check the names thereto appended to determine whether or not the same was signed by the requisite number of qualified electors and the records of his office and report his findings. Under date of February 23, 1931, the city clerk made a report in writing to the mayor that no copy of the purported petition had been filed in the office of the city clerk before the same was circulated for signatures; that there were no verifications made by the parties who circulated the same for signature certifying to the genuineness and legality of the signatures; that the purported petition showed upon its face that many of the signatures appeared to be in the same handwriting; that the purported petition had never been filed therein; that the purported signatures thereon were not in duplicate; and that the various sheets of the purported petition were 6½ inches wide and 14 inches long with ½ inch margin at the top. That report was received, adopted by the city commission, and ordered filed. On February 25, 1931, a protest was filed with the city clerk and was presented to and read at a meeting of the city commission on that day. The basis of the protest was substantially the same grounds as set forth in the report of the city clerk hereinabove referred to. This protest was not served upon the petitioners, was not set for hearing, and no notice thereof to petitioners was given. On the 25th day of February, 1931, the mayor made a ruling and order with reference to said purported petition, which was received, ratified, approved, and adopted by the unanimous vote of the city commission, the concluding paragraph of which was as follows:

"Wherefore, I conclude that the requirements required by the city charter of the city of Woodward, Oklahoma, and by the Constitution of the state of Oklahoma and the laws of the state of Oklahoma, have not been complied with nor substantially complied with, with reference to said pur-

ported initiative petition No. 1; that said petition does not disclose whether or not there is a qualified elector's name signed thereto; that the same is fatally defective and is wholly insufficient for the purpose for which the same was intended, and because and for said reasons, said initiative petition No. 1 is hereby rejected and denied, and I do hereby refuse to issue a proclamation calling an election for the purpose specified and set out in said ordinance and in said petition."

On February 28, 1931, the petitioners, by their attorney, filed an application with the mayor for return of the duplicate sheets of the petition in order that they might be amended and refiled. No action was taken thereon by the mayor and city commissioners, and on March 2, 1931, the petitioners filed with the mayor their notice of appeal to this court. The record was transmitted to this court and is here for consideration. Other facts necessary for the determination thereof will be stated and discussed herein.

The first contention presented by the petitioners is that the applicable statute relating to cities and towns is section 4504, C. O. S. 1921, and that there is no requirement therein for the filing of an initiative petition in the office of the city clerk of a municipality before the same is circulated for signature by the qualified electors of the city. It is admitted that there is such a requirement as to petitions on state questions. Section 6631, supra.

At the outset we are confronted with the effect of section 4504, Id. An examination of that section discloses no procedure for an appeal to this court and, since this appeal is lodged in this court under the provisions of section 6631, Id., the petitioners must admit that section 6631, Id., is in force and effect and is controlling as to municipalities. Section 4504, Id., was before this court for consideration in Caruth v. State ex rel. Tobin et al., 101 Okla. 93, 223 Pac. 186. This court therein refused to determine whether or not that section violated any of the rights of the electorate for the reason that the nature of that case and the procedure followed in the trial court, that being a mandamus action, was such that that issue was not properly before this court for consideration and determination. In discussing the effect of the section, this court said:

"Of course, the act could only apply to those cities the charters of which made no provision for their revocation or repeal, for if the city charter itself provides the method of its amendment, revision, or repeal, such charter provision is exclusive"

—and cited in support thereof In re Initiative Petition on Proposed Charter for City of Okmulgee, 89 Okla. 134, 214 Pac. 186. Therein it was held that a city charter might be neither revised nor amended except in the manner prescribed by the city charter; that an attempt to revise or adopt a new city charter in any other manner than the one provided in the existing instrument would be treated as extra constitutional and revolutionary, and that the method provided by the charter was exclusive. Since the charter of the city of Woodward provides a method for its amendment, under the authority of the two cases cited, section 4504, Id., is not the applicable statute and we will not further consider the same.

Section 3 (a) of article 18 of the Constitution provides that a charter ratified pursuant to that section "may be amended by proposals therefor, submitted by the legislative authority of the city to the qualified electors thereof (or by petition as hereinafter provided) at a general or special election, and ratified by a majority of the qualified electors voting thereon, and approved by the Governor as herein provided for the approval of the charter."

There is a further provision for the amendment of a charter in section 4 (e) of article 18, Id. A charter ratified and approved pursuant to those provisions becomes the organic law of the city. Pitts v. Allen, 138 Okla. 295, 281 Pac. 126.

It will be noted that there is no constitutional provision for repeal of such a charter. It provides only for the amendment thereof. It was held in Moore et al. v. Oklahoma City, 122 Okla. 234, 254 Pac. 47, with reference to those constitutional provisions, that:

"Said section contains no provision for repealing or annulling such charter after having been once duly adopted, nor provision whereby the state may revoke the rights therein granted; a charter once duly adopted becomes the organic law of a city, but subject to amendment as provided in said article 18."

Such is the necessary conclusion. It was therein held that:

"A change in the plan of governing and administering the municipal affairs of a chartered city, from a commission form to a managerial form of government, is not the repeal of its charter nor the adoption of a new charter, nor the surrendering of its charter rights, but is an 'amendment' and within the scope of valid amendments, so long as its charter rights and powers of independent self-government are retained and brought forward in the proposed change."

The charter provides:

"Constitution Applied. Article eighteen of the Constitution of the state of Oklahoma, under the title 'Municipal Corporations,' and every section thereof, including the initiative and referendum, is hereby adopted and put in full force and effect for the government of the city of Woodward"

—thereby putting in full force and effect the provisions of article 18 of the Constitution with reference to amendment of the city charter. With further reference to the amendment thereof, the charter provides:

"Amendment and Repeal. This charter may be amended at any time by initiated petition as provided by the Constitution and laws of the state of Oklahoma at an election at which the proposed amendment is submitted to a vote of the qualified electors of the city, by a majority vote of such electors voting at such election on such proposed amendment. The commission may propose and submit any amendment to this charter to a vote of the qualified electors of the city at any general or special election. At such elections the general election laws of the state shall govern."

While neither the Constitution nor the charter provides for repeal of a charter, the purported petition provides for repeal and does so without providing for any other form of government. In Moore et al. v. Oklahoma City, supra, the proposed change in the form of government was held to be an amendment to the charter, and in Caruth v. State ex rel. Tobin, supra, there was provision in the initiative petition not only for repeal of the charter but "That the form of government provided for by the laws of the state of Oklahoma for cities of the first class having a population of less than 20,000 are hereby adopted for the government of the city of Shawnee." Such a petition, though asking for repeal, may well have been considered to have been intended as an amendment. Such is the effect of the decision in that case. Such is not the petition before this court. To repeal the charter of the city of Woodward upon the petition shown by this record would be to leave the city without a form of government, unless the statutes of Oklahoma governing cities of that class would become operative upon the signing of the initiative act by the Governor of the state. We know of no such law. We are of the opinion that where the people of a city have adopted a charter pursuant to the Constitution and thereafter decide to abandon that form of government and again submit themselves to the statutes of the state governing cities of that class, they must do so by the affirmative vote of the majority of the qualified electors voting on that proposal

at an election held for that purpose, and that they may not do so by voting for a provision providing only for repeal of the charter.

It will be noted that the purported petition provides that the city commissioner, acting as mayor, shall call an election for the purpose of electing councilmen. We think that upon the adoption of the initiative act and its approval by the Governor, there would then be no city commissioner acting as mayor and no one with authority to call such an election. If the contention of the petitioners was true and upon repeal of the city charter the statutes of Oklahoma governing cities of that class would become operative, there would be no benefit to the petitioners, for there are no statutes of the state of Oklahoma that authorize the calling of a special election for the election of city officials. Vacancies in such offices are filled by appointment and not by election.

Under the provisions of section 6650, C. O. S. 1921, amendments to municipal charters may be proposed and submitted to the people by the municipal legislature, with or without any initiative petition, but the same shall be filed with the city clerk, or officer performing those duties, not less than 60 days before the election at which they are to be voted upon. The petitioners contend that that section is not applicable and that the petition need not be submitted to the city clerk prior to its signature. We cannot so hold. The purpose thereof is evident and may not be disregarded. It is applicable whether the submission be "with or without any initiative petition." "Each measure proposed within a municipality by initiative petition and referendum petition shall be filed with the chief clerk of the municipality." Such language may not be disregarded. This petition was not filed with the chief clerk of the city of Woodward before it was submitted for signature and it was not filed with the chief clerk of the city of Woodward after it had been signed. We think that section 6650, Id., is controlling as to procedure and must be followed.

The petitioners present the contention that the signatures of the individuals to such a petition are not required to be in duplicate. We agree with that contention. The duplication required by section 6626, C. O. S. 1921, is of the printed petition, which is required to be duplicated for the securing of signatures, and each sheet thereof must be an exact duplicate of each other. However, the signatures themselves are not to be made in duplicate.

The petitioners next present the proposi-

tion that the verification required by section 6629, C. O. S. 1921, of each sheet of every such petition required to be on the back thereof in the form provided by that section, is only a procedural requirement and that the same might be amended if it is mandatory. The petitioners contend that they have filed with the city clerk of the city of Woodward affidavits which "identify the sheets and identify the names of the persons signed thereto." Those affidavits in form are as follows:

"State of Oklahoma, County of Woodward, ss.

"I, Pearl Akins, being first duly sworn, say: That

> Hugh Rawdon,
> Mrs. Ralph Gaston,
> Alfred Duzand,
> C. M. Taylor,
> Ina McDaniel,
> Mrs. L. D. Larkin,

who signed this sheet of the foregoing petition, and each of them signed his name thereto in my presence; I believe that each has stated his name, postoffice address and residence correctly, and that each signer is a legal voter of the city of Woodward, Oklahoma.

> "Pearl Akins,
> "Woodward, Oklahoma.

"Subscribed and sworn to before me this 5th day of March, 1931.
> "J. D. Gray, Notary Public.

"My Commission expires May 3, 1933.
"(Seal)"

It will be noted that there is nothing therein to identify the sheets of the petition described therein. The form of affidavit required by the statute does not include the word "who" and the inclusion in the form of an affidavit of that word must be held to have been intentional. The word materially changes the context required by the statute and in that form the affidavits submitted are of no effect. Since they are of no effect, we will not herein determine whether the affidavits required as a part of such petition may be filed after the original petition has been filed.

The contention that the various sheets comprising the purported petition were not of the statutory size is without merit. Section 6652, C. O. S. 1921, which reads as follows:

"The procedure herein prescribed is not mandatory, but if substantially followed will be sufficient. If the end aimed at can be attained and procedure shall be sustained, clerical and mere technical errors shall be disregarded"

—is controlling. Under that section and the record shown by this case, the error, if any, in the size of the sheets was a technical one and will be disregarded.

There being no error shown by the record, the order of the mayor and city commissioners of the city of Woodward refusing to call the election petitioned for is affirmed.

RILEY, HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent. SWINDALL, J., not participating.