**BOATMAN et al.   v.   WADDLE et al.**

No. 35983.

Supreme Court of Oklahoma.

Dec. 15, 1953.

Steele & Boatman, Okmulgee, for plaintiffs in error.

L. L. Cowley, Okmulgee, W. C. Alley, City Atty., Okmulgee, for defendants in error.

O'NEAL, Justice.

This proceeding presents an appeal from an order of the Commissioner of Finance, ex-officio City Clerk of City of Okmulgee, Oklahoma, sustaining the protest of certain citizens of the City, to the calling of a special election for the purpose of submitting to the qualified electors of said City, the following question:

"The question we herewith submit to our fellow voters is: Shall the existing Charter of the City of Okmulgee, Oklahoma, and all amendments thereto, be repealed, and the following proposed Charter of the City of Okmul-

gee, Oklahoma, be substituted in lieu thereof, ordained and ratified:"

The City of Okmulgee adopted a Charter form of government in 1912, under which it now operates. In 1952, a group of citizens, electors of the city, circulated a petition designated "Initiative Petition No. 3" containing 1794 signatures, being more than twenty-five percent of the votes cast in the last municipal election of the City of Okmulgee, Oklahoma, and filed said petition with the City Clerk as provided by the City Charter.

The City Clerk gave notice of said filing as required by law, and within the ten day protest period certain citizens, electors of the city, filed with the City Clerk their written protest challenging the legal sufficiency of the Initiative Petition No. 3, to call a special election. The grounds of the Protest were:

"1. That said Initiative Petition is insufficient and does not comply with the laws of the State of Oklahoma, and provisions of the City Charter of the City of Okmulgee, State of Oklahoma, which City Charter was heretofore adopted by the electors of said City in the year 1912.

"2. That the said Initiative Petition does not comply with or conform to the following sections of the said City Charter, to-wit:

"Article IX, section 1 and section 2; Article X, sections 1, 2 and 3.

"3. That said Initiative Petition does not conform to the provisions of the present charter relating to its amendment or revision and for proposing a new charter."

The Notice of Protest further states that the question posed by the appeal is foreclosed by reason of our former decision In re Initiative Petition, City of Okmulgee, 89 Okl. 134, 214 P. 186.

Protestants, defendants in error, before the City Clerk and here, contend that the proponents are attempting to repeal the present charter and all amendments thereto, which they contend is not permissible

under the terms of the charter as submitted in the Initiative Petition.

The Proponents, plaintiffs in error, contend that the proposed Initiative Petition submits to the electors an amendment of the existing charter of the City as authorized by Article IX, Sec. 1, of its present charter.

The parties concede that the sole question is whether the instrument set up by the Initiative Petition constitutes a repeal of the old charter, and the substitution of an entirely new one, or whether the instrument is an amendment to the charter now in effect.

The parties have placed opposite construction upon the meaning of the word "amendment" as that term is employed in Section 1, Article IX, of the present charter of the city.

It will not be necessary to trace the precise incidence of the word "amendment" as such a pursuit inevitably leads to a bog of logomachy. Suffice it to say that the Initiative Petition was circulated under the provisions of Section 1 of Article IX, of the City Charter; that section provides that any amendment of the charter may be proposed by the Board of City Commissioners, and shall be submitted to the voters for their adoption or rejection; that if the amendment is approved at the election provided for, it shall become a part of the charter upon approval by the Governor.

The proviso of said section reads:

"* * * provided, that this Section shall not impair the right of the people to amend this Charter by a vote upon an initiative petition therefor signed by twenty-five percent of the qualified voters of said City."

We think that Section 1 of Article IX, of the present charter of the City of Okmulgee, conforms in all respects with the Constitution of the State of Oklahoma with reference to the Initiative and Referendum.

Article 18, Section 4(a) of the Constitution reads:

"The powers of the initiative and referendum, reserved by this Constitution to the people of the State and the respective counties and districts therein, are hereby reserved to the people of every municipal corporation now existing or which shall hereafter be created within this State, with reference to all legislative authority which it may exercise, and amendments to charters for its own government in accordance with the provisions of this Constitution."

The protestants contend that under our former decision In re Initiative Petition, City of Okmulgee, 89 Okl. 134, 214 P. 186, that protestants' position must be sustained. As we read the opinion all that it decided was that where a city charter provides the method for its amendment, revision, or its entire abrogation by the adoption of a new charter, the method thus provided is exclusive. The conclusion there reached is based upon Article 18, Section 4(a), supra, of the Constitution granting municipalities the power of the Initiative and Referendum with reference to its legislative Authority, as well as its authority to amend its charter for its municipal government.

Under this broad constitutional authority, a municipal government presently existing under a charter form of government with Commissioners may amend its form of government to a council-manager form of government, or vice versa, or it may amend one or more designated articles or sections of its present charter, or all of them, or it may elect to continue in effect certain ordinances and abolish others, or may retain certain departments of municipal government or abolish others or consolidate them.

The Initiative Petition No. 3, among other things, provides for a change of the commission form of government to a council-manager form; provides for the retention of present ordinances, and all present departments, officers and employees, except the three elected commissioners. These are matters within the peculiar province of the people of the municipality reserved to them under the Initiative and Referendum provisions of the Constitution, supra. As to whether these matters are wisely resolved we are not called upon to answer as the Constitution vests these re-

spective functions exclusively with the people if within the cognizance of purely municipal governmental affairs.

 We do not agree with protestants that the Initiative Petition which submits a proposition of changing the form of city government from a commission form to a council-manager form is an attempt to revise or adopt a new charter, but is in effect an amendment of the present charter.

In Moore, Com'r v. Oklahoma City, 122 Okl. 234, 254 P. 47, we held:

"A change, in the plan of governing and administering the municipal affairs of a chartered city, from a commission form to a managerial form of government, is not the repeal of its charter nor the adoption of a new charter, nor the surrendering of its charter rights, but is an 'amendment' and within the scope of valid amendments, so long as its charter rights and powers of independent self-government are retained and brought forward in the proposed change."

The opinion in the Moore case discloses that the debate was largely limited to the meaning of the word "amendment" as applied to the proposed change in the plan of the city charter. The writer of the opinion there said:

"The definitions given the word or term 'amendment' by different courts are substantially the same in effect, but, as to determining the exact legal scope, the exact limits of an amendment, or the definite line of distinction between amendments and new acts, and just where an amendment crosses such line and in legal effect becomes a new act, there is no settled rule."

The opinion cites in support of the foregoing statement, decisions of courts of other states. Upon the authority of the Moore case, as well as upon principle, we hold that the proposed Initiative Petition No. 3, complies with the provisions of the present charter of the City of Okmulgee, with reference to its amendment, and that, therefore, the Commissioner of Finance, exofficio City Clerk of City of Okmulgee, Oklahoma, erred in holding otherwise.

The order appealed from is vacated with instructions to the City Clerk of City of Okmulgee, to proceed in accordance with the views herein expressed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN and DAVISON, JJ., concur.

ARNOLD and WILLIAMS, JJ., dissent.