In re INITIATIVE PETITION NO. 1, CITY
OF DRUMRIGHT, Oklahoma.

No. 36953.

Supreme Court of Oklahoma.

May 29, 1956.

John W. Young, Sapulpa, for petitioners.

Jack B. Sellers, Doyle Watson, Grace Arnold, Charles E. Daniel, Drumright, for protesters.

S. A. Denyer, City Atty., Drumright, for City of Drumright.

JOHNSON, Chief Justice.

This is an appeal from a finding of the City Clerk of the City of Drumright, holding insufficient an initiative petition which sought an election on a proposed ordinance providing for repeal of the city charter and a return to the statutory mayor-council form of city government. The proposed ordinance also provides that such repeal shall take effect sixty days after approval thereof by the Governor of Oklahoma, and at specified dates in such sixty days interim, primaries and a general election shall be held for nominating and electing officers for said city under its statutory mayor-council form of government.

It is shown that in February, 1955, an unsigned copy of the aforesaid petition was filed with the city clerk. On March 25, 1955, the original petition then containing signatures of citizens and legal voters of the City of Drumright was brought to the office of the city clerk and was there handed to the mayor. The city clerk was not present, but came in later in the day and was handed the petition by the mayor. On April 5, 1955, the city clerk gave written notice of the filing of the said signed petition and on the same day caused a newspaper publication of the filing of the said petition. On said April 5, there were, admittedly, 303 names on the petition, the signatures of citizens and legal voters of the city.

The last general election prior to April 5, 1955, held in the voting places within the City of Drumright, was in November, 1954, and was a part of a state-wide gen-

eral election, and at said date and place in Drumright 1323 votes were cast. The last general municipal election, or election addressed exclusively to the municipal affairs, was held in the City of Drumright on April 3, 1951, at which election 364 votes were cast.

On April 5, 1955, the city attorney filed with the city clerk a "ballot title" for Initiative Petition No. One, City of Drumright, the petition here involved, and caused copy thereof to be served on an attorney for the proponents of the initiative petition. On June 1, 1955, at a hearing on a protest to the original petition before the city clerk, the city attorney asked to withdraw his aforesaid proposed ballot title and filed with the city clerk a substituted proposed ballot title and statement of the question to be submitted under the petition.

The City Charter of Drumright, with reference to procedure and manner of exercising initiative and referendum powers, provides:

"* * * In the exercise of these powers, the requirements of the State Constitution and Law shall govern." Charter: Art. 8, Section 60.

Protesters of the petition here argue there was a failure of the proponents to file with the City Clerk and City Attorney copies of the petition and ballot title within the requirements of 34 O.S.1951 §§ 8 and 9.

34 O.S.1951 § 51 provides:

"In all cities, counties, and other municipalities which do not provide by ordinance or charter for the manner of exercising the initiative and referendum powers reserved by the Constitution to the whole people thereof, as to their municipal legislation, the duties required of the Governor and Secretary of State, by this Chapter, as to State legislation, shall be performed as to such municipal legislation by the chief executive and the chief clerk; and the duties required by this Chapter, of the Attorney-General shall be performed by the attorney for the county, district, or other municipality. * * * The procedure in municipal legislation shall be as nearly as practicable, the same as the initiative and referendum procedure for measures relating to the people of the State at large."

34 O.S.1951 § 8 provides:

"When a citizen, or citizens, desire to circulate a petition initiating a proposition of any nature, whether to become a statute law or an amendment to the Constitution, * * * such citizen or citizens shall, when such petition is prepared, and before the same is circulated or signed by electors, file a true and exact copy of same in the office of the Secretary of State, and within ninety days after the date of such filing, the original petition shall be filed in the office of the Secretary of State, and no petition not filed in accordance with this provision shall be considered. When such original petition is filed in said office it shall be the duty of the Secretary of State to forthwith cause to be published in at least one newspaper of general circulation within the State, a notice setting forth the date of such filing. Any citizen of the State may, within ten days, by written notice to the Secretary of State, and to the party or parties, who filed such petition, protest against the same at which time he will hear testimony and arguments for and against the sufficiency of such petition. * * * After such hearing the Secretary of State shall decide whether such petition be in form as required by the statutes, and his decision shall be subject to appeal to the Supreme Court of the State * * *."

34 O.S.1951 § 9, supra, provides:

"* * * when any measure is proposed by initiative petition, * * * it shall be the duty of the parties submitting such proposition to prepare and file one copy of same with the Secretary of State and one copy with

the Attorney General, such copies to contain a ballot title ' * * * which shall contain the gist of the proposition * * *. Within three days after the filing of such copy and ballot title with the Attorney General, he shall, in writing, notify the Secretary of State whether or not such proposed title is in legal form and in harmony with the law. * * * Within ten days after the receipt of the notice of approval by the Attorney General, or of a revised or amended title from him, the Secretary of State shall, if no appeal is filed, transmit to the Secretary of the State Election Board an attested copy of the pending proposition, including such approved title: * * *."

There follows provisions as to perfection of appeal from ballot title.

Hereinafter in discussion of the foregoing statutes where the Secretary of State and the Attorney General are mentioned, we will substitute the city clerk and city attorney.

34 O.S.1951 § 24 provides:

"The procedure herein prescribed is not mandatory, but if substantially followed will be sufficient."

■ In the case In re Initiative Petition No. 176, etc., 187 Okl. 331, 102 P.2d 609, 610, this court held:

"Substantial compliance with the procedure prescribed for invoking the powers of initiative is required. If the end aimed at can be attained the proceeding used will be sustained. Clerical and mere technical errors are to be disregarded."

■ Here, it appears that before its circulation a true copy of the petition was filed in the office of the City Clerk in February, 1955. In March the original or signed petition was brought to the office of the city clerk and handed to the mayor, and on the same day the mayor handed the same to the city clerk. On April 5, 1955, the city clerk caused a newspaper publication as to the filing of said original petition.

We are of the opinion that the end aimed at by section 8, supra, was attained, and hold there was substantial compliance with the procedure prescribed in the statute.

Section 8, supra, provides for the filing of a copy of proposed petition and subsequent filing of the original and executed petition and publication of notice of the later filing and for protest and hearing thereon and determination by the city clerk as to whether such petition be in form as required by the statute, and for appeal from such determination, but there is no mention of ballot title in section 8.

■ Section 9, supra, provides that when a measure is proposed by initiative petition the proponents shall file one copy of same containing a ballot title with the city clerk and the city attorney, and the city attorney is charged with a duty to approve the ballot title as sufficient under the law, or otherwise to prepare and file a ballot title which does conform to the law.

It is apparent that the aim of the prescribed procedure is to secure a proper ballot title to the proposal before it is submitted at an election and that time is a necessary element only in that such proper ballot title is attained before the submission of the proposition at election.

In the case In re Initiative Petition No. 2 of Cushing, 157 Okl. 54, 10 P.2d 271, 273, it was held the statutory expression: "When any measure is proposed by initiative petition" means at such time that the proposed ordinance has been found and determined to be sufficient in form by the city clerk, or in case of appeal, by this Court. In the cited case it was held:

"An initiative measure is proposed when it is found to be sufficient in form by the authority authorized by law to pass upon and determine the sufficiency thereof and such finding and determination has become final.

"The procedure prescribed by law for vitalizing and carrying into force the initiative and referendum provisions of the Constitution is not manda-

tory, but, if substantially followed, will be sufficient. If the end aimed at can be attained, the procedure shall be sustained; clerical and mere technical errors shall be disregarded."

Here it appears from a letter written by the city attorney to the city clerk and an attorney for the petitioners and others, that the city attorney had before him the petition with proposed ballot title, and that the city attorney had drawn and submitted a ballot title. In the circumstance that the question of whether or not the proposed repealing ordinance is sufficient in form is here and has not yet been finally determined, it may be said that any question of a compliance with the procedural requirements of section 9, supra, is premature. However, under the circumstances noted that the city attorney in fact has had a copy of the proposed measure and ballot title before him and has submitted a ballot title which he had prepared, we hold that the statute, section 9, has been substantially followed.

It is argued the petition is insufficient in that it does not have the number of signatures that is required by law.

Oklahoma Constitution, Article XVIII, § 4(b), O.S.1951, provides:

"Every petition for either the initiative or referendum in the government of a municipal corporation shall be signed by a number of qualified electors residing within the territorial limits of such municipal corporation, equal to twenty-five per centum of the total number of votes cast at the next preceding election, and every such petition shall be filed with the chief executive officer of such municipal corporation."

11 O.S.1951 § 561 provides that a proposal to revoke or abolish the charter of a city:

" * * * may be submitted by a petition signed by a number of qualified electors residing within the corporate limits of such city, equal to twenty-five per centum, of the total number of votes at the last general or special election held in such munici-

pality, and the proceedings shall be construed liberally in favor of the petitioners. Upon the filing of a petition, signed by the required number of electors, qualified to vote in the proposed election * * * with copy of the proposed * * * repeal of the charter, said executive authority must issue a proclamation calling a special election, * * *."

It is here shown that 303 names are on the petition. The last election prior to the filing of the petition was a state-wide election held November 2, 1954, and therein in the voting places in the City of Drumright there were 1323 votes cast, but the last general or special municipal election was the city election of April 3, 1951, at which 364 votes were cast.

We are brought to a consideration of the meaning and intendment of the expressions in the Constitution and statutory provisions, supra, as to votes cast "at the next preceding election" or "the last general or special election held in such municipality."

26 O.S.1951 § 25 provides:

" * * * that the territory of the voting precinct may extend beyond the boundary lines of incorporated towns or cities, if the county election board deems it advisable; provided, that in voting precincts which extend beyond the boundary lines of incorporated towns or cities in municipal elections only those voters residing within the incorporated limits of the town or city shall be permitted to vote."

Obviously, a voter not a resident of a city should not be permitted to vote in the municipal election, and it was so declared by the statute. The Constitutional provision, supra, which authorizes an exercise of the initiative in the government of a municipality provides the petition shall be signed by electors residing in the city, in number not less than twenty-five percent of the votes cast "at the next preceding election." Subsequent legislation, section 561, supra, which prescribes a procedure in the exercise of initiative provides the signers of the petition in

number must equal twenty-five percent of the total number of votes "at the last general or special election held in such municipality." The subject matter of these provisions pertains exclusively to municipal government, and we hold the references therein to elections is to municipal elections and does not include such election held in the municipality wherein electors residing outside the city or town may vote.

We hold the petition containing the names of 303 resident signers is sufficient as to the number of signers thereof, as there were 364 votes cast in the last municipal election.

It is asserted the petition is insufficient in that it goes beyond a proposal of repeal of the city charter and proposes a proceeding for the election of officers for a statutory mayor-council form of government and contrary to the law of the State.

11 O.S.1951 § 561.1 provides a ballot form for submission of a proposal of revocation of a charter to the qualified electors of a city and provides such proposal must include a proposal to adopt a statutory form of government or adopt a new charter. Section 561.1 further provides:

"The secretary of the county election board shall, within five (5) days after the canvass of the returns of said election, certify to the Governor the result of the vote on the question. If a majority of the qualified electors voting on the question vote in the affirmative, the Governor, within twenty (20) days after receiving the result of the vote, shall issue a proclamation stating that the city has revoked its charter and adopted the statutory form of city government specified in the question, and appointing the members of the city council and in case of a statutory mayor-council form of city government, the mayor. From and after the issuance of said proclamation, the charter of the city shall be revoked, and the city shall be governed under the laws of the State relating to the statutory form of city government which the city has adopted."

The petition here involved proposes an ordinance repealing the Charter of the City of Drumright, and the adoption of the statutory mayor-council form of city government, and further proposes an effective date for such change-over and for interim primaries and election for nominating and electing officers for said city under the statutory form of government.

■■ It is apparent these proposals as to effective date after election adopting the change of form of government and as to an interim election of officers are in conflict with the quoted provisions of the statute, supra. The legislative authority which a city or the people of a city may exercise as pertains to the government of the city must abide the State law. Accordingly, we hold the petition is defective as to these last mentioned proposals.

34 O.S.1951 § 8, supra, which provides an appeal to this court from a decision of the city clerk as to whether a petition be in form as required by the statutes also provides:

"* * * If the court shall adjudge such petition insufficient the parties responsible for same shall have the right to correct or amend their petition to conform to the opinion of the court, provided said amendment or change is made within five days. No objection to the sufficiency shall be considered unless the same shall have been made and filed as herein provided."

■ We have carefully considered all objections made as to the sufficiency of the initiative petition here involved, and for the reasons above noted, hold, the petition is sufficient and meets the requirements of law except as it contains the proposals last above mentioned. Proponents and signers of the petition, through attorneys, have suggested that in event the portions of the petition last mentioned are held in conflict with the State law, that said portions be stricken from the petition. It is so ordered, and said portions are hereby stricken from the initiative petition. More particularly, all the references in said petition to effective date of repeal

and to primaries and election of officers are stricken. With these portions so stricken, the petition is held to be in form and sufficient as required by the statutes for the calling of an election thereon.

It is ordered that upon the filing of this opinion and mandate, the clerk of this court shall transmit to the City Clerk of Drumright a certified copy of the same, together with all papers and documents on file in the court clerk's office including the initiative petition as contained in the transcript of the proceedings filed therein upon appeal from the city clerk, and that the said city clerk, upon receipt thereof, shall proceed thereon in the manner as provided by law and not inconsistent with the views we have herein expressed.

WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.