In re INITIATIVE PETITION NO. 13 OF
OKLAHOMA CITY, Oklahoma.

No. 39655.

Supreme Court of Oklahoma.

Feb. 27, 1962.

Shapard and Cannon, Oklahoma City, for petitioners.

Roy H. Semtner, Municipal Counselor, Charles E. Halley, Asst. Municipal Counselor, Oklahoma City, for City of Oklahoma City.

McClelland, Collins, Sheehan, Fauss, Bailey & Bailey, Oklahoma City, for protestant.

DAVISON, Justice.

This is an appeal from the ruling of the City Clerk of Oklahoma City holding Initiative Petition No. 13, having for its purpose the amendment of the charter of Oklahoma City, insufficient. It is submitted at this time by order of this court on stipulation of the parties. It is stipulated that the petition contains 2,874 signatures; that twenty-five per cent of the votes cast at the next preceding election is required to render the petition sufficient; that prior to the filing of said petition the next previous election of any kind held in Oklahoma City was an Oklahoma Natural Gas Company special franchise election held on December 22, 1959, in which 5,158 votes were cast, 25% of which equals 1,-290; that 25% of the next preceding general election held in Oklahoma City is 23,583. It therefore appears that at this time the single issue is what election controls, for if it is held that the next preceding election is the general municipal election

the petition is insufficient for a failure to obtain the required number of signatures. Conversely, if "next preceding election" includes a special franchise election the Initiative Petition may contain a sufficient number of signatures and the ruling of the City Clerk must be reversed and the validity of the signatures and other matters pertaining to said petition must be determined.

Oklahoma City operates under the charter form of government. As applied to this case the charter provides:

"Section 9. Amendment to Charter. This Charter may be amended at any time at an election at which the proposed amendment is submitted to a vote of the qualified electors of the City, by a majority vote of the electors voting at such election on such proposed amendment.

"The Council may submit any proposed amendment to this Charter to a vote of the qualified electors of the City at any general election or at a special election. At such elections the General Election Laws of the State shall govern.

"Section 10. Initiative and Referendum Vitalized. Section 4-a, Section 4-b, Section 4-c, Section 4-d and Section 4-e of Article Eighteen of the Constitution of the State of Oklahoma, under the title, 'Initiative and Referendum,' are hereby adopted and made in full force and effect as if copied word for word in the body of this Charter, and Title 34, Oklahoma Statutes, 1951, 'Initiative and Referendum.' and all sections thereof, are hereby adopted in full force and effect as if copied word for word in the body of this Charter; and repeal thereof shall not constitute an amendment to or removal from this Charter."

Art. 18, Section 4(b), Constitution of Oklahoma, provides:

"Every petition for either the initiative or referendum in the government of a municipal corporation shall be signed by a number of qualified electors residing within the territorial limits of such municipal corporation, equal to twenty-five per centum of the total number of votes cast at the next preceding election, and every such petition shall be filed with the chief executive officer of such municipal corporation."

11 O.S.1961 § 23b provides for general municipal elections with stated dates at which time officers of the municipality are elected and other matters of municipal concern are determined.

11 O.S.1961 § 61, relating to special elections provides in part:

"Whenever the council of any city or the board of trustees of any incorporated town, shall deem it advisable they may, by resolution or ordinance, authorize the mayor or president of the board of trustees to call a special election for the purpose of submitting to the qualified electors the question of the issuance of the bonds of said city or town of the granting of any franchise or for any purpose other than the election of officers. * * *"

Since it is stipulated that the petition in this case was based on the number of votes cast at a special election it is therefore necessary to determine whether under the Charter of Oklahoma City the provision that the petition shall contain signatures equal to twenty-five per cent of the votes cast at the next preceding election requires that the percentage be based on a general municipal election or may be predicated on a special election.

This court has never determined what constitutes the next preceding election under the above provisions of the Constitution. In Ruth v. Peshek, City Clerk, 153 Okl. 147, 5 P.2d 108; and Caruth, Mayor v. State ex rel. Tobin, 101 Okl. 93, 223 P. 186, the court stated the petition was based on twenty-five percent of the next preceding general election.

We hold that Art. 18, (Sec. 4 (b), supra, when adopted as a part of the Charter of

Oklahoma City, requires that twenty-five per cent of the votes cast at the next preceding general municipal election controls in determining the validity of the petition. To hold otherwise would destroy the effect and intent of the provisions of the Charter which would protect the citizens of Oklahoma City against the right of persons to speculate on the outcome of any particular special election and base an initiative petition thereon.

▆▆▆ Petitioner cites 11 O.S.1961 § 561, which is in part as follows:

"The Charter so ratified may be amended, revoked or abolished by proposals therefor submitted by the legislative authority of said city to the qualified electors thereof to be voted for at any general or special election or said proposals to amend, revoke or abolish such charter, may be submitted by a petition signed by a number of qualified electors residing within the corporate limits of such city, equal to twenty percentum (20%), of the total number of votes at the last * * * general [or special] state election held in such municipality, and the proceedings shall be construed liberally in favor of the petitioners. * * *"

This section was considered in In re Initiative Petition No. 1, City of Drumright, Okl., 298 P.2d 409, and held applicable to initiative petitioners for municipalities. Oklahoma City argues that the provisions of Art. 18, supra, are controlling and that Section 561, supra, does not apply. We agree. It is not disclosed in Initiative Petition No. 1, City of Drumright, supra, that the City had adopted as a portion of its charter Art. 18, supra, and we must assume that it had not since the court treated Sec. 561, supra, as being applicable to the initiation of a petition in the City of Drumright.

In Caruth v. State ex rel Tobin, supra, it is stated:

"It is well settled that a charter when adopted by the people and approved by the Governor pursuant to section 3(a), art. 18, of the Constitution, becomes the organic law of the municipality, and the provisions of the charter supersede all laws of the state in conflict therewith in so far as such laws relate to purely municipal matters. State ex rel. Burns v. Linn, 49 Okl. 526, 153 Pac. 826, Ann.Cas.1918B, 139; Owen v. City of Tulsa, 27 Okl. 264, 111 Pac. 320; Bodine v. [City of] Oklahoma City, 79 Okl. 106, 187 Pac. 209; Watts, Mayor v. State ex rel. Scott, 77 Okl. 199, 187 Pac. 797; Walton, Mayor, v. Donnelly, Com'r of Finance, 83 Okl. 233, 201 Pac. 367; In re Initiative Petition on Proposed Charter of City of Okmulgee, supra; (89 Okl. 134, 214 Pac. 186) Hinz, Com'r, v. Hubbard (Sup.) [95 Okl. 164] 216 Pac. 440. * * *"

If the charter provides for an amendment thereof the charter provision is exclusive. Caruth v. State ex rel Tobin, supra; In re Initiative Petition on Proposed Charter of Okmulgee, supra; Pitts, County Treas. v. Allen, 138 Okl. 295, 281 P. 126; and Foster v. Young, 149 Okl. 19, 299 P. 162.

Since Oklahoma City had adopted Art. 18, supra, Section 561, supra, is not applicable.

We therefore hold that in order to complete a valid initiative petition to amend the Charter of Oklahoma City the petition must contain signatures equal to twenty-five per cent of the votes cast at the next preceding general municipal election at the time of the filing of the initiative petition in the office of the city clerk for the purpose of completion.

Initiative petition held insufficient.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JOHNSON, JACKSON and IRWIN, JJ., concur.