## NEWS-DISPATCH PRINTING & AUDIT CO. v. CITY OF PAULS VALLEY et al.

No. 21399.    Opinion Filed Feb. 2, 1932.

Rehearing Denied March 29, 1932.

Park Wyatt and Blanton, Osborn & Curtis, for plaintiff in error.

Homer L. Hurt, Co. Atty., and Moody & Taylor, for defendants in error.

PER CURIAM. This is an appeal from the judgment and order of the district court of Garvin county, Okla., denying the petition of the plaintiff in error for peremptory writ of mandamus, dismissing the alter-

native writ of mandamus, and taxing costs against plaintiff in error; said order and judgment rendered in the trial court on the 8th day of October, 1929, and judgment overruling motion for new trial rendered on the 2nd day of December, 1929.

Plaintiff in error in due time filed petition in error with case-made in this court, and served and filed brief in full compliance with the rules and order of this court, but the defendants in error have wholly failed to file answer brief, pleading, or any other instrument in said cause on appeal, within the time provided by the rules of this court or within any extension of time granted by the court; neither have the defendants in error offered any excuse for their failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 P. 481.

In this cause the petition in error prays that judgment denying the peremptory writ of mandamus be reversed, set aside, and held for naught, and that a judgment be rendered in favor of the plaintiff in error, and against the defendants in error, directing and commanding the district court of Garvin county, Okla., to issue peremptory writ of mandamus to the defendants in error as prayed for in the petition of the plaintiff.

We have examined the brief of the plaintiff in error, and the assignments of error are reasonably supported by the authorities cited therein, and under the oft-repeated holdings of this court, plaintiff in error is entitled to have the judgment and order of the lower court reversed.

This cause is therefore reversed and remanded to the lower court for new trial.