STATE ex rel. CITY OF STILLWATER v. EXCISE BOARD OF PAYNE COUNTY et al.

No. 23181.    Opinion Filed April 12, 1932.

Wilcox & Swank, for plaintiff.

194

Ernest F. Jenkins, Co. Atty., for defendants.

McNEILL, J. This is an original action filed in this court wherein the plaintiff seeks a writ of mandamus against the excise board of said county, and said board to assemble and revoke its former action and requiring said board to approve the financial estimate and statement of said city for the fiscal year of 1931-32, to make the necessary levy therefor, and to have the same extended upon the tax rolls for said fiscal year in conformity with the requirements of the charter of said city and the Constitution and laws of said state.

It appears from the record that the city of Stillwater is a municipal corporation having a population of approximately 7,000 inhabitants, and is under a charter form of government, having been duly voted by the electors of said city, and duly certified and approved by the Governor of the state of Oklahoma. The board of commissioners provided for in said charter duly prepared and certified the financial statement and estimate of needs of said city for the fiscal year 1931-1932, which was duly advertised and published and the same certified to the clerk of the excise board and placed on file with its secretary; thereafter, on the 6th day of November, 1931, the board of commissioners passed a resolution which was attached to the estimate of said city before the same was passed upon by the excise board, which resolution shows the amount of the total appropriation necessary to make an ad valorem tax levy for the reason that this total sum was available from other sources than taxation. It showed a total necessary in the sinking fund to be raised by taxation in the sum of $37,848.29, which under the valuation would require a levy of 8.016 mills. It also showed the amount to be raised by tax levy for the library fund in the sum of $4,923.73, and that under the valuation a mill levy of 1.04 mills was necessary.

The financial statement and estimate was passed upon by the excise board on November 25, 1931, and said excise board reduced the amount of estimate of the board of commissioners to be necessary for said city in the general fund in the sum of $67,775.40. In the general fund reductions shown are as follows:

| | |
|---|---|
| Mayor _____$ | 150.00 |
| City Clerk _____ | 2450.00 |
| " City Engineer _____ | 375.00 |
| Street Department _____ | 2100.00 |
| City Attorney _____ | 750.00 |
| Police Department _____ | 1325.00 |
| Fire Department _____ | 1425.00 |
| Board of Health _____ | 2200.00 |

| | |
|---|---|
| Park Commission _____ | 2450.00 |
| Water and Light Dept. _____ | 20250.40 |
| General Government _____ | 34300.00 |
| | $ 67775.40 |

The excise board, after reducing the amount of the estimate in the above amount, ordered that a sufficient amount of this estimated income from the general fund should be transferred to the sinking fund and to the library fund to meet the necessary expenditures and appropriation in those funds. The excise board has no such authority. City of Woodward v. Reid, 143 Okla. 204, 288 P. 458. The power and duties of the excise board have recently been forcibly before this court. Extensive briefs have been filed in many cases and the matter has been orally argued at length as to powers and duties and authority of the excise board in reference to changing, modifying, and altering the estimated needs of a municipal corporation being operated under a charter form of government, and also their powers and duties in reference to the financial statement and estimated needs of the various school boards in their districts.

The case of Bodine v. City of Oklahoma City, 79 Okla. 106, 187 P. 209, is binding and conclusive upon this court. Almost the identical questions raised in the instant case are involved in the case of State of Oklahoma ex rel. City of Okmulgee v. Moroney, 156 Okla. 120, 10 P. (2d) 430, this day decided.

The writ of mandamus is granted, and said excise board is directed to proceed in accordance with the prayer set forth in the application for the writ of mandamus filed herein, and to take such other and further action not inconsistent with the views herein expressed.

RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, C. J., and KORNEGAY, J., dissent. CLARK, V. C. J., absent.