Jimmy CORNELL, Plaintiff in Error,

v.

Leon SHERRER, Mayor of the City of Durant, Oklahoma, Defendant in Error.

No. 40406.

Supreme Court of Oklahoma.

Nov. 4, 1964.

Joseph O. Minter, Madill, for plaintiff in error.

Phillips & Moore by John Allen Phillips, II, Durant, for defendant in error.

IRWIN, Justice.

On the 17th day of September 1962, Jimmy Cornell filed with Leon Sherrer, Mayor of the City of Durant, Oklahoma, a petition requesting the mayor to call an election to change Durant's form of government to the statutory aldermanic form. The mayor did not issue a proclamation calling for the election within ten (10) days after the petition was filed. On October 2nd, Cornell commenced proceedings in the district court and prayed for a writ of mandamus commanding the mayor to issue a proclamation calling for an election.

The trial court issued an alternative writ commanding the mayor to issue a proclamation calling the election or show cause for refusal to do so.

Within due time the mayor filed a plea to the jurisdiction on the grounds that the administrative proceedings for determining the sufficiency of Cornell's petition were

being conducted in compliance with the applicable law and the same had not been concluded. In this plea the mayor alleged that after Cornell's petition was filed, the City Clerk of Durant issued and caused to be published notice of hearing and in due time a protest petition was filed; after the protest period had expired the protest petition was served on Cornell; and that the City Clerk caused notice to be issued setting for hearing on November 5th, the initiative petition filed by Cornell and the protest petition filed by protestants.

The trial court found that Cornell's action in mandamus was premature and sustained the mayor's plea to the jurisdiction. From such order, Cornell perfected this appeal.

## CONTENTIONS

Cornell contends that Title 11 O.S.1961 § 557.2, specifically requires a mayor of a municipality to issue a proclamation calling for an election within ten (10) days after a petition, signed by the required number of legal voters, is filed with him and if he fails to issue a proclamation within the ten (10) day period, an action in mandamus will lie. Cornell's theory is that the above section is a special statute and applies only to change of city government and is complete as to all the procedure and is controlling.

The mayor contends that the general initiative and referendum statutory provisions are applicable and since he was in the process of complying with said statutory provisions, Cornell's action was premature and the trial court had no jurisdiction.

## CONCLUSIONS

Both parties, in effect, concede that if the general statutory procedures concerning initiative and referendum matters are still applicable to initiative petitions for a change in municipal government, the mayor has followed the correct procedure and Cornell's action was premature and the trial court did not have jurisdiction. Both parties also, in effect, concede the legality of all the proceedings prior to Cornell's filing his initiative petition with the mayor. Also, since neither party contends that the City of Durant had ordinances concerning initiative and referendum petitions, we will determine the issue presented by the statutory and constitutional laws of Oklahoma.

The sole issue presented in this instant action is whether the Legislature, by enactment of the Sec. 557.2, intended that the general laws relating to initiative and referendum precedures (see Title 34 O.S. 1961, Initiative and Referendum) should not be applicable to initiative petitions relating to change in form of a municipal government. In other words, do the provisions of Sec. 557.2, supra, supersede the general statutory provisions concerning initiative and referendum procedures where an initiative petition relating to change in form of a municipal government is filed with a mayor of a municipality.

In In Re Initiative Petition No. 4, for Repeal of Charter of City of Cushing, 165 Okl. 8, 23 P.2d 677, we said the Legislature has power and authority to designate an administrative agency to hear evidence and determine the facts upon which the enforcement of the constitutional rights of the citizen may depend, and that "The Legislature in carrying out the intention of the framers of the Constitution, and the people in adopting the same, * * * enacted laws for carrying into effect the initiative and referendum powers reserved by the people in articles 5 and 18 of the Constitution, * * *. The procedure therein provided is proper legislation * *. If some such procedure was not provided, how is the chief executive officer of the city to determine that the proposed initiative measure presented for submission to the qualified electors is the one that was circulated, and how is he to determine that the petition contains the requisite number of signatures of qualified electors requesting the amendment be submitted to a vote of the qualified electors of the city, and how is he to determine that there was not corruption in the making, procuring, and submitting initiative and referendum?"

In 1949, the Legislature enacted H.B. 209, which relates to the procedure for changing the form of government of a municipality. See 1949 Session Laws, Chapter 14, page 83. The present law is Title 11 O.S.1961 § 557.2, which, inter alia, provides:

"Any city operating now or hereafter * * * may change to any one of the other statutory forms of city government in the manner provided herein. The legislative authority of any such city, by resolution or ordinance, may direct the mayor to submit * * * the question: * * *. Also, the mayor of any such city shall issue a proclamation submitting such question to the qualified electors of the city at a special election, within ten (10) days after a petition demanding such submission, signed by a number of legal voters residing within such city equal to at least twenty per cent (20%) of the total number of votes cast at the last preceding general state election, shall have been filed with him. * * *."

It is to be noted that under the above statutory provision that when a petition is filed with a mayor "signed by a number of legal voters residing within such city equal to at least twenty per cent (20%) of the total number of votes cast at the last preceding general state election * * *" he shall issue a proclamation submitting such question at a special election within ten (10) days after the filing of the petition with him. The above provision contains no procedure for safeguarding the rights of a citizen of a municipality; it makes no provision for hearing the sufficiency of or protests against the sufficiency of a petition filed with a mayor; and a mayor, if he so desired, could issue a proclamation on the same day the petition was filed with him. Therefore, if the general initiative and referendum laws are not applicable in the instant action, but the provisions of Sec. 557.2 are controlling, a protestant's rights to challenge the suffi-

ciency of a petition could be only by appeal.

In State ex rel. Bryant v. Carter, 173 Okl. 293, 49 P.2d 217, we said:

"This court wholeheartedly indorses, and by its previous actions has upheld, the spirit of the legislative intention to expedite the expression of the people at the polls with speed and celerity on matters relating to their reserved legislative powers. Delays through tedious judicial or other proceedings should be eliminated as far as possible. But in the exercise of the reserved powers by the people, the Legislature has seen fit to provide safeguards in favor of the citizens of the state against fraud, corruption, and chicanery. Any citizen has a right to protest the sufficiency and legality of an initiated petition, which, if adopted, will work a fundamental change in the established law. The safeguards to the citizens against such evils are as necessary as the protection of the rights of the citizens themselves to exercise said powers. A technical and literal construction of a procedural statute which would result in converting a hearing authorized by law into a simple farce would destroy the valuable reserved rights of the people. It is the duty of this court, therefore, to ascertain and give effect to the legislative intent to make the safeguard provided by the Legislature a feasible and workable proceeding to effectuate the intent and purpose."

Although the precise issue under consideration has not heretofore been presented and determined, since the original enactment of Sec. 557.2, supra, in 1949, we have had occasion to approve the procedure followed by the mayor in the instant action. See In Re Initiative Petition No. 1, City of Drumright, Okl., 298 P.2d 409, promulgated in 1956.

In In Re Initiative Petition No. 2, Cushing, Oklahoma, 157 Okl. 54, 10 P.2d 271,

we held that in arriving at the legislative intent we must construe together the acts of the Legislature making suitable provisions for carrying into effect the provisions of the Constitution and the provision to prevent corruption in making, procuring and submitting initiative and referendum petitions made mandatory upon the Legislature by section 3 and section 8 of Article 5, of the Constitution.

In 50 Am.Jur. Statutes, Sec. 349, we find this language:

"Under the rule of statutory construction of statutes in pari materia, statutes are not to be considered as isolated fragments of law, but as a whole, or as parts of a great, connected, homogeneous system, or a single and complete statutory arrangement. Such statutes are considered as if they constituted but one act, so that sections of one act may be considered as though they were parts of the other act, as far as this can reasonably be done. Indeed, as a general rule, where legislation dealing with a particular subject consists of a system of related general provisions indicative of a settled policy, new enactments of a fragmentary nature on that subject are to be taken as intended to fit into the existing system and to be carried into effect conformably to it, and they should be so construed as to harmonize the general tenor or purport of the system and make the scheme consistent in all its parts and uniform in its operation, unless a different purpose is shown plainly or with irresistible clearness. It will be assumed or presumed, in the absence of words specifically indicating the contrary, that the legislature did not intend to innovate on, unsettle, disregard, alter or violate a general statute or system of statutory provisions the entire subject matter of which is not directly or necessarily involved in the act."

We can only conclude that the general laws governing initiative and referendum procedures are controlling in the instant action. Therefore, the trial court's finding that Cornell's action in mandamus was premature was correct and its order sustaining the mayor's plea to the jurisdiction is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.